**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL COUNSEL FOR PLAINTIFFS LISTED ON SIGNATURE PAGE]

*Attorneys for Plaintiffs,*
Jennifer Rodriguez; and, John Tauro

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JENNIFER RODRIGUEZ; AND, JOHN TAURO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** <br><br> Plaintiffs, <br><br> v. <br><br> **ALLIED INTERSTATE, LLC,** <br><br> Defendant. | **Case No.:** 13-cv-0388 DMS JMA <br><br> **CLASS ACTION** <br><br> **NOTICE OF EX PARTE MOTION AND PLAINTIFF'S EX PARTE MOTION TO FILE DOCUMENTS CONCERNING MOTION FOR CLASS CERTIFICATION UNDER SEAL** <br><br> **HON. DANA M. SABRAW** |

///
///
///
///
///
///
///
///

---

**NOTICE OF EX PARTE MOTION AND PLAINTIFF'S EX PARTE MOTION TO FILE DOCUMENTS CONCERNING MOTION FOR CLASS CERTIFICATION UNDER SEAL**           PAGE 1 OF 5

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 79.2, Plaintiff Jennifer Rodriguez ("Plaintiff") hereby moves ex parte for an order permitting Plaintiff to file under seal sensitive personal and confidential documents concerning Plaintiff's Motion for Class Certification; namely, Plaintiff's Exhibits 1; and, 2 attached to the Declaration of Abbas Kazerounian ("Kazerounian Decl."), filed concurrently.

## BACKGROUND

On October 4, 2013, the Court granted the parties' Joint Motion for Protective Order. [ECF No. 24]. Information covered by the Protective Order includes sensitive personal information and confidential information concerning Defendants' policies and procedures. *See Id.* at ¶ 2.

## ARGUMENT

There are compelling reasons to permit filing of sealed and/or redacted versions of documents regarding a Motion for Class Certification containing sensitive personal and confidential information subject to the Protective Order on file with the Court. The Protective Order on file in this case (*see* Docket No. 24) covers sensitive personal information, as well as confidential information concerning Defendants' policies and procedures. *See Id.* at ¶ 2.; *see also* Kazerounian Decl., ¶¶ 5; and, 6.

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). Courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information." *Phillips Ex rel. Estates of Bryd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). A motion to seal documents that are part of the judicial record on a dispositive motion is governed by the "compelling reasons" standard. *Pintos v.*

*Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The strong presumption of the right of public access may only be overcome on the basis of "articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) (internal citations omitted).

The parties have marked as "confidential" the deposition transcript of Defendant Vineet Mathur; and, Heather Hornbuckle. These deposition transcripts contain information regarding Defendant's business policies and procedures and confidential information regarding the predictive dialer created by Defendant. Specifically, the business policies and procedures concern Defendant's telephone calling practices with consumers and its records systems, including detailed employment history of Mr. Mathur and Ms. Hornbuckle.

Based upon Plaintiff's understanding of the Protective Order, Plaintiff believe that Plaintiff's Memorandum of Points and Authorities In Support of Motion for Class Certification should be considered confidential information covered by the Protective Order because this document references extensively to the depositions marked confidential in this case, and even quotes portions of these depositions regarding Defendant's policies and procedures. *See* ECF No. 24, ¶ 2.

The interests of Defendant in protecting disclosure of non-public business policies, procedures and relationships with other businesses and other confidential information outweigh the public's interest in knowing such information, since such confidential information does not concern conduct that poses a risk to the public, the public benefits when businesses are able to remain competitive through non disclosure of their private and/or proprietary business practices. *See Aviva United States Corp. v. Vazirani*, 902 F. Supp. 2d 1246 (D. Ariz. 2012). Also, the nature of the information in no way diminishes the public's ability to determine the nature of the proceedings or matters at issue in this litigation. *See Arredondo v. Delano Farms Co.*, 2012 U.S. Dist. LEXIS 33685, 6 (E.D. Cal. Mar. 12, 2012).

Therefore, Plaintiffs' respectfully request permission to file *under seal* the following documents in support of Plaintiffs' Motion for Class Certification.

a. **Exhibit 1**: Transcript for the Deposition of Vineet Mathur, which deposition was taken on November 19, 2013 [*filing under seal requested*]; and,

b. **Exhibit 2**: Transcript for the Deposition of Heather Hornbuckle, which deposition was taken on November 19, 2013 [*filing under seal requested*].

Alternatively, Plaintiff seeks leave of Court to file redacted versions of these documents, redacting those portions believed by Plaintiff to be most sensitive. Filing redacted versions of these documents serves to protect the parties and interested persons from public disclosure of sensitive personal and confidential information, while permitting public access to non- sensitive and non-confidential portions of such documents.

Plaintiffs are in the process of delivering a copy of the proposed sealed documents to Defendants and the Court. *See* Kazerounian Decl., ¶¶ 7; and, 8. Given that the proposed seal documents contain Plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification, as well as other documents related to Plaintiff's Motion for Class Certification, Plaintiff files this motion ex parte in order to avoid prejudice to Plaintiff that may result from Defendant's extra time to review Plaintiff's Motion for Class Certification and prepare a response.

///
///
///
///
///

## CONCLUSION

Given the existence of the Protective Order already on file in this case and the need to protect sensitive and confidential information from public disclosure, Plaintiff respectfully requests leave to file sealed and/or redacted versions of the documents mentioned above in support of Plaintiff's Motion for Class Certification.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: December 13, 2013

By:/s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

[ADDITIONAL PLAINTIFFS' COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@AttorneysForConsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228