BROOKS R. BROWN (SBN 250724)
*bbrown@goodwinprocter.com*
LAURA A. STOLL (SBN 255023)
*lstoll@goodwinprocter.com*
**GOODWIN PROCTER** LLP
601 S. Figueroa Street
41st Floor
Los Angeles, California  90017
Tel.:  213.426.2500
Fax:  213.623.1673

THOMAS M. HEFFERON (*pro hac vice*)
*thefferon@goodwinprocter.com*
J. CHRIS SUEDEKUM (*pro hac vice*)
*csuedekum@goodwinprocter.com*
**GOODWIN PROCTER** LLP
901 New York Avenue NW
Washington, DC  20001
Tel.:  202.346.4000
Fax.:  202.346.4444

Attorneys for Defendant:
ALLIED INTERSTATE, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| JENNIFER RODRIGUEZ and JOHN TAURO, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED INTERSTATE, LLC, <br><br> Defendant. | Case No. 3:13-cv-00388-DMS-JMA <br><br> **DECLARATION OF J. CHRISTOPHER SUEDEKUM WITH REDACTED EXHIBITS** <br><br> Date:  TBA <br> Time:  TBA <br> Courtroom: 13A <br> Judge:  Hon. Dana M. Sabraw |

1  I, J. Christopher Suedekum, hereby depose and state as follows:

2      1.      I am an associate with the law firm of Goodwin Procter LLP, and I

3  represent Allied Interstate, LLC ("Allied") in the above-captioned matter.  I submit

4  this declaration  in support of Allied's Opposition to Plaintiff's Ex Parte Motion for

5  Exclusion of Evidence and for Sanctions Pursuant to Fed. R Civ. P. 37 (Dkt. No. 54)

6  ("Motion"). This Declaration is based on my personal knowledge and, if called as a

7  witness, I could and would testify as follows:

8                            DISCOVERY PROCEEDINGS

9      2.      I have been involved in this case since February 2013, and so I am

10  familiar with the discovery proceedings to date.

11      3.      Other than two Fed. R. Civ. P. 30(b)(6) depositions, Plaintiff did not

12  notice (or request) the depositions of any individual employees of Allied and/or

13  representatives of the Department of Education ("DOE").

14      4.      Plaintiff also did seek any third-party discovery—written or

15  deposition—from DOE.

16      5.      Although one of Allied's Rule 30(b)(6) witnesses (Ms. Hornbuckle)

17  testified at her deposition that numerous individuals (some of whom she identified

18  by name) worked on Allied's collection efforts on behalf of DOE and had

19  knowledge of those efforts, Plaintiff did not seek additional discovery concerning

20  the identities of such individuals or notice (or request) the depositions of any such

21  individuals.

22      6.      Although Plaintiff's certification motion relies upon three declarations

23  from her counsel, Plaintiff's initial disclosures do not identify any of these

24  individuals as persons she believed might have knowledge relating to any class

25  certification issues.  Nor has Plaintiff supplemented her initial disclosures to identify

26  any of these individuals at any time since filing her certification motion.

27

28

1

## THE SUBJECT DECLARATIONS

2        7.      I was in charge of identifying declarants—in addition to Heather

3  Hornbuckle and Kenneth Sponsler—to rebut Plaintiff's class certification motion in

4  this matter.  As that motion was not filed until December 13, 2013, and due to the

5  Christmas and New Year's holidays, I did not begin that process until early January

6  2014.  Ultimately, I did not identify any of the four declarants that are the subject of

7  the Motion—Jeffery Howard, Michelle Richardson, Scott Lettelleir, and Randee

8  Hom—until the week of January 20, 2014.

9        8.      Once those individuals were identified as potential declarants, I

10  arranged to speak with each of them during the latter part of the week of January 20,

11  2014.  Based on those conversations, I was responsible for drafting the four

12  declarations.  Consistent with this, the four declarants and their declarations were all

13  determined, developed, finalized and secured during the latter part of the week of

14  January 20, 2014.

15        9.      I did not receive any of the executed declarations from the declarants

16  until January 24, 2014.  That same afternoon I caused copies of the declarations (and

17  Allied's supplemental discovery responses concerning them) to be served on

18  Plaintiff's counsel.  Further, I also emailed copies of the declarations (and

19  supplemental discovery responses) to Plaintiff's counsel on January 24, 2014.

20

## JANUARY 27, 2014 TELECONFERENCE WITH MR. LOKER

21        10.     I have reviewed the declaration of Plaintiff's counsel, Matthew M.

22  Loker, Esq., filed in support of the Motion.  I also have reviewed the responsive

23  declaration of Brooks R. Brown, filed contemporaneously herewith.

24        11.     I participated in the January 27, 2014 telephone conference with Mr.

25  Loker and Mr. Brown that is the subject of those declarations.  Mr. Loker's

26  description of that conference is incomplete and misleading.  My recollection of the

27  conference is consistent with the description set forth in Mr. Brown's declaration.

28

DECLARATION OF J. CHRISTOPHER SUEDEKUM   Case No. 3:13-cv-00388-DMS-JMA

## EXHIBITS

12. A true and correct copy of Allied's Initial Disclosures Pursuant to Fed. R. Civ. Proc. 26(a)(1) (June 4, 2013) is attached hereto as Exhibit 1.

13. A true and correct copy of Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. Proc. 26(a)(1) (June 12, 2013) is attached hereto as Exhibit 2. To my knowledge, Plaintiff has not served supplemental disclosures.

14. A true and correct copy of Allied's Supplemental Initial Disclosures Pursuant to Fed. R. Civ. Proc. 26(a)(1) (January 24, 2014) is attached hereto as Exhibit 3.

15. A true and correct copy of Allied's Responses and Objections to Plaintiff's First Set of Interrogatories (July 22, 2013) is attached hereto as Exhibit 4.

16. A true and correct copy of Allied's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories (January 24, 2014) is attached hereto as Exhibit 5.

17. A true and correct copy of the Federal Express Tracking records for Allied's supplemental disclosures (Exhibit 3 and Exhibit 5) are attached hereto as Exhibit 6.

18. A true and correct copy of relevant excerpts from the deposition of Heather Hornbuckle (November 19, 2013) is attached hereto as Exhibit 7.

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct to the best of my knowledge and belief.

Executed on the 4th day of February, 2014.

_____
J. Christopher Suedekum

3

# EXHIBIT 1

1  Thomas M. Hefferon (*pro hac vice*)
2  thefferon@goodwinprocter.com
   Jeffrey D. Skinner (SBN 239214)
3  jskinner@goodwinprocter.com
4  GOODWIN|PROCTER LLP
   901 New York Avenue NW
5  Washington, DC 20001
6  Telephone: (202) 346-4000
   Facsimile: (202) 346-4444
7
   *Attorneys for Defendant Allied Interstate*
8  *LLC*

9  **UNITED STATES DISTRICT COURT**

10  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11   JENNIFER RODRIGUEZ and JOHN<br>TAURO, individually and on behalf of<br>12   all others similarly situated, | Case No. 3:13-cv-00388-DMS-JMA<br>**DEFENDANT ALLIED**<br>**INTERSTATE'S INITIAL**<br>**DISCLOSURES** |
| 13                    Plaintiffs, | |
| 14   v. | Hon. Dana M. Sabraw, District Judge<br>Hon. Jan M. Adler, Magistrate Judge |
| 15   ALLIED INTERSTATE LLC, | |
| 16                    Defendant. | |

17

18      Defendant Allied Interstate LLC ("Allied") hereby provides its Rule 26(a)(1)

19  initial disclosures.  Allied reserves the right to supplement these disclosures should a

20  class be certified in this action or as discovery otherwise warrants.

21  **1.**     **Individuals Likely to Have Discoverable Information**

22          (a)     Jennifer Rodriguez, address unknown.

23                  Ms. Rodriguez is likely to have knowledge regarding the basis of the

24                  claims made in this litigation, the history of any debt that was the

25                  subject of the collection activities of Allied, any telephone calls

26                  received from or placed to Allied, any communications concerning the

27                  debt, and the basis for seeking class certification.

28

**DEFENDANT ALLIED INTERSTATE LLC'S INITIAL DISCLOSURES** EXHIBIT 1 -4-
3:13-cv-00388-DMS-JMA

(b)   John Tauro, address unknown.

Mr. Tauro is likely to have knowledge regarding the basis of the claims made in this litigation, the history of any debt that was the subject of the collection activities of Allied, any telephone calls received from or placed to Allied, any communications concerning the debt, and the basis for seeking class certification.

(c)   Current and former employees of Allied c/o Goodwin Procter LLP, 901 New York Avenue, N.W., Washington, DC 20001.

Current and former employees of Allied may have knowledge concerning any collection activities or communications with respect to the debt. In addition, employees of Allied, including, but not limited to, Heather Hornbuckle may have knowledge regarding policies and practices concerning the collection of debts, including the placement of telephone calls to consumers and communications with consumers. The identities of any additional employees with such knowledge cannot now be ascertained, or it would be too burdensome to do so.

(d)   Jefferson Capital Systems LLC, 16 McLeland Road, St. Cloud, Minnesota 56303.

Jefferson Capital Systems LLC may have knowledge regarding the debt that was the subject of the collection activities at issue in this action.

(e)   United States Department of Education, 61 Forsyth Street, Room 19T89, Atlanta, Georgia 30303.

The United States Department of Education may have knowledge regarding the debt that was the subject of the collection activities at issue in this action.

2.   **Description of Documents In Possession of Allied**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Allied states that it has records regarding collection of the debt. Such documents are

- 2 -

DEFENDANT ALLIED INTERSTATE, LLC'S INITIAL DISCLOSURESEXHIBIT 1 -5-
3:13-cv-00388-DMS-JMA

1  available upon request, but Allied reserves the right to withhold certain documents

2  under claims of privilege or similar reasons for non-production.  Without conceding

3  the obligation to do so, Allied reserves the right to supplement these disclosures as

4  discovery or other circumstances warrant.

5  **3.      Computation of Any Category of Damages**

6       Not applicable.

7  **4.      Insurance**

8       Not applicable.

9

10  Dated:       June 4, 2013            By: _____

11                                     Thomas M. Hefferon (*pro hac vice*)
                                       thefferon@goodwinprocter.com
                                       Jeffrey D. Skinner (SBN 239214)
12                                     jskinner@goodwinprocter.com
                                       GOODWIN|PROCTER LLP
13                                     901 New York Avenue NW
                                       Washington, DC  20001
14                                     Telephone: (202) 346-4000
                                       Facsimile:  (202) 346-4444
15

16                                     *Attorneys for Defendant Allied*
                                       *Interstate LLC*

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

1   **CERTIFICATE OF SERVICE**

2       I am a resident of the District of Columbia, over the age of eighteen years,

3   and not a party to this action. My business address is GOODWIN|PROCTER LLP,

4   901 New York Avenue NW, Washington, DC 20001. On June 4, 2013, I served the

5   Defendant Allied Interstate LLC's Initial Disclosures by first class mail upon

6   counsel for plaintiffs at the following addresses:

7

8   Joshua B. Swigart                   Todd M. Friedman
    Hyde & Swigart                    Nicholas J. Bontrager

9   411 Camino Del Rio South       Law Offices of Todd M. Friedman, P.C.
    Suite 301                           369 S. Doheny Drive #415

10  San Diego, CA 92108-3551       Beverly Hills, CA 90211

11  Tel: (619) 233-7770             Tel: (877) 206-4741
    Fax: (619) 297-1022            Fax: (866) 633-0228

12  josh@westcoastlitigation.com     tfriedman@attorneysforconsumers.com

13

14  Abbas Kazerounian

15  Matthew Loker
    Kazerouni Law Group, APC

16  2700 N. Main Street, Suite 1000

17  Santa Ana, CA 92705
    Tel: (800) 400-6808

18  Fax: (800) 520-5523

19  ak@kazlg.com

20

21      I declare under penalty of perjury under the laws of the United States that the

22  foregoing is true and correct.

23

24  Date: June 4, 2013             _____

25                           Jeffrey D. Skinner

26

27

28

# EXHIBIT 2

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Abbas Kazerounian
ak@kazlg.com
Matthew Michael Loker
ml@kazlg.com
**Kazerounian Law Group, APC**
2700 North Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Todd M. Friedman
tfriedman@AttorneysForConsumers.com
**Law Offices of Todd M. Friedman, P.C.**
369 South Doheny Drive, Suite 415
Beverly Hills, CA 90211
Telephone:(877) 206-4741
Facsimile: (866) 633-0228

Attorneys for Plaintiffs,

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| JENNIFER RODRIGUEZ; JOHN TAURO; AND  INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br><br>                                   PLAINTIFFS,<br><br>V.<br><br>ALLIED INTERSTATE, LLC,<br><br>                           DEFENDANT. | **Case No:** 3:13-CV-0388-DMS-JMA<br><br>**INITIAL DISCLOSURES OF PLAINTIFF JOHN TAURO PURSUANT TO F.R.C.P. 26(A)(1)** |
|---|---|

*Side margin:* **HYDE & SWIGART** San Diego, California

EXHIBIT 2 -8-

**PURSUANT TO FRCP 26(a),** plaintiff JOHN TAURO ("Plaintiff") makes the following disclosures. Plaintiffs reserve the right to supplement, correct, or amend this disclosure pursuant to FRCP 26(e).

## A. WITNESSES

### 1. WITNESSES AFFILIATED WITH PLAINTIFF: JENNIFER RODRIGUEZ

| Name and Contact Information | Subject matter of Information |
|---|---|
| Plaintiff, JENNIFER RODRIGUEZ, may be contacted through Plaintiff's counsel. | Information surrounding the receipt of the autodialed telephone call placed by Defendant or Defendant's agent(s). |

### 2. WITNESSES AFFILIATED WITH PLAINTIFF: JOHN TAURO

| Name and Contact Information | Subject matter of Information |
|---|---|
| Plaintiff, JOHN TAURO, may be contacted through Plaintiff's counsel. | Information surrounding the receipt of the autodialed telephone call placed by Defendant or Defendant's agent(s). |

HYDE & SWIGART
San Diego, California

EXHIBIT 2 -9-

Initial Disclosures          - 2 of 5 -          3:13-CV-0388-DMS-JMA

3. **WITNESSES AFFILIATED WITH DEFENDANT ALLIED INTERSTATE, LLC.**

| Name and Contact Information | Subject Matter of Information |
|---|---|
| Person Most Knowledgeable for ALLIED INTERSTATE, INC., contacted through defense counsel. | Information surrounding the placement of autodialied telephone calls to Plaintiff and the class, without prior express consent. |

B. **DOCUMENTS**

| Document | Location |
|---|---|
| Plaintiff's account, if any, as maintained by Defendant ALLIED INTERSTATE, INC. | Located at Defendant ALLIED INTERSTATE, INC.'S offices. |
| Plaintiff's telephone records and for telephone number (619) 203-8693 for JENNIFER RODRIGUEZ. | Plaintiff's cell phone provider is AT&T. To be produced per court order. |
| Plaintiff's telephone records and for telephone number 412-657-7088 for JOHN TAURO. | Plaintiff's cell phone provider is AT&T. To be produced per court order. |

HYDE & SWIGART
San Diego, California

EXHIBIT 2 -10-

Initial Disclosures          - 3 of 5 -          3:13-CV-0388-DMS-JMA

C.  **DAMAGES CLAIMED BY DISCLOSING PARTY**

1.  **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

a.  An award of statutory damages of $500 against Defendant for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B). To Plaintiff and all class members from the date the complaint was filed and the previous four years.

b.  Any and all other relief that the Court deems just and proper.

2.  **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

a.  An award of statutory damages of $1,500 against Defendant for each and every intentional violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). To Plaintiff and all class members from the date the complaint was filed and the previous four years.

b.  Any and all other relief that the Court deems just and proper.

D.  **INSURANCE AGREEMENT PROVIDING INDEMNITY OR REIMBURSEMENT FOR PAYMENTS**

Plaintiff does not presently have any insurance coverage.

Date: June 4, 2013                    **Hyde & Swigart**

                                       By: s/Joshua B. Swigart
                                          Joshua B. Swigart
                                          Attorneys for the Plaintiff

HYDE & SWIGART
San Diego, California

EXHIBIT 2 -11-

**PROOF OF SERVICE**

     I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On June 12, 2013, I served a true copy of Plaintiff's Initial Rule 26 Disclosure Statement by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Jeffrey D. Skinner
GOODWIN PROCTER LLP
901 New York Ave. NW
Washington DC 20001

Executed on June 12, 2013, at Beverly Hills, CA

     [ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

     [x] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

     [x] I hereby certify under the penalty of perjury that the foregoing is true and correct.

By:_____
        Erika Campany

HYDE & SWIGART
San Diego, California

# EXHIBIT 5

# [CONFIDENTIAL
# LODGED UNDER SEAL]

1  BROOKS R. BROWN (SBN 250724)
   *bbrown@goodwinprocter.com*
2  LAURA A. STOLL (SBN 255023)
   *lstoll@goodwinprocter.com*
3  **GOODWIN PROCTER** LLP
   601 S. Figueroa Street, 41st Floor
4  Los Angeles, California  90017
   Tel.:  213.426.2500
5  Fax.:  213.623.1673

6  THOMAS M. HEFFERON (pro hac vice)
   *thefferon@goodwinprocter.com*
7  J. CHRIS SUEDEKUM (pro hac vice)
   *csuedekum@goodwinprocter.com*
8  **GOODWIN PROCTER** LLP
   901 New York Avenue NW
9  Washington, DC  20001
   Tel.:  202.346.4000
10 Fax.:  202.346.4444

11 Attorneys for Defendant:
   ALLIED INTERSTATE, LLC
12

13              **UNITED STATES DISTRICT COURT**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15                   **SAN DIEGO DIVISION**

16 JENNIFER RODRIGUEZ and JOHN          Case No. 3:13-cv-00388-DMS-JMA
17 TAURO, Individually and on behalf of
   all others similarly situated,        **DEFENDANT ALLIED
18                                        INTERSTATE LLC'S
          Plaintiffs,                     SUPPLEMENT INITIAL
19                                        DISCLOSURES**
             v.
20                                        Courtroom:  13-A
   ALLIED INTERSTATE, LLC,               Judge:       Hon. Dana M. Sabraw
21                                        Magistrate:  Hon. Jan M. Adler
          Defendant.
22

23

24

25

26

27

28

ACTIVE/71218505.1

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED

REDACTED

REDACTED

REDACTED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REDACTED



REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED





# EXHIBIT 4

1  Thomas M. Hefferon (*pro hac vice*)
2  thefferon@goodwinprocter.com
   Jeffrey D. Skinner (SBN 239214)
3  jskinner@goodwinprocter.com
   GOODWIN|PROCTER LLP
4  901 New York Avenue NW
5  Washington, DC 20001
   Telephone: (202) 346-4000
6  Facsimile: (202) 346-4444
7
   *Attorneys for Defendant Allied Interstate*
8  *LLC*

9            **UNITED STATES DISTRICT COURT**

10         **SOUTHERN DISTRICT OF CALIFORNIA**

11  JENNIFER RODRIGUEZ and JOHN          Case No. 3:13-cv-00388-DMS-JMA
    TAURO, individually and on behalf of
12  all others similarly situated,           **DEFENDANT ALLIED**
                                             **INTERSTATE'S RESPONSES AND**
13              Plaintiffs,                  **OBJECTIONS TO PLAINTIFF'S**
                                             **SPECIAL INTERROGATORIES**
14       v.                                  **(SET ONE)**

15  ALLIED INTERSTATE LLC,               Hon. Dana M. Sabraw, District Judge
                                         Hon. Jan M. Adler, Magistrate Judge
16              Defendant.

17

18  PROPOUNDING PARTY:        Plaintiff JENNIFER RODRIGUEZ

19  RESPONDING PARTY:         Defendant ALLIED INTERSTATE LLC

20  SET NO.:                  ONE

21         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

22  Defendant Allied Interstate LLC ("Allied"), hereby objects and responds to the

23  Special Interrogatories (Set One) ("Interrogatories") propounded by Plaintiff

24  Jennifer Rodriguez ("Plaintiff").

25                      **<u>GENERAL OBJECTIONS</u>**

26         1.    These General Objections are collected in one place in this response for

27  convenience only, so that objections that are generally applicable or that arise

28

---

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)
3:13-cv-00388-DMS-JMA                                                              EXHIBIT 4 -63-

1   repeatedly are not presented repeatedly.  These General Objections should be

2   interpreted as appearing in the response to each Interrogatory.

3        2.      These responses are made solely for the purpose of this action.  Each

4   response is without waiver or limitation of Allied's right to object on grounds of

5   competency, relevance, materiality, propriety, privilege, or admissibility for any

6   purpose, and on any other grounds, to the use of any documents or information in

7   any subsequent proceeding in, or the trial of, this or any other action.

8        3.      Allied objects to each Interrogatory as improper, unduly burdensome,

9   and not reasonably calculated to lead to the discovery of admissible evidence to the

10  extent it seeks information regarding persons other than Plaintiff.

11       4.      Allied objects to each Interrogatory as premature, overly broad, unduly

12  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

13  of admissible evidence to the extent that it seeks information concerning matters or

14  issues that are beyond the scope of (a) the allegations of the Complaint relating to

15  Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this

16  lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class

17  certification.  In particular, Allied objects to each Interrogatory to the extent that it

18  purports to require Allied to provide information about other individuals besides

19  Plaintiff because no class has been certified in this case.  Allied reserves the right to

20  supplement its responses after a decision on class certification, to the extent

21  necessary.

22       5.      Allied objects to each Interrogatory as overly broad, unduly

23  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

24  of admissible evidence to the extent that it seeks information about commercial

25  accountholders because no class has been certified in this case and Plaintiff's

26  individual and class allegations do not relate to commercial accountholders.

27       6.      Allied objects to each Interrogatory as overly broad, unduly

28  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

of admissible evidence to the extent that it seeks to impose on Allied the obligations and costs associated with identification of potentially affected persons where such burden properly rests on Plaintiff.  *See, e.g., Oppenheimer Fund v. Sanders*, 434 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974).  Allied hereby reserves all objections relating to the putative class, members of the putative class, identification of the putative class, and/or information unrelated to the alleged call(s) to Plaintiff.

7.      Allied objects to each Interrogatory to the extent that it requests information that is in the possession, custody, or control of Plaintiff; equally available to Plaintiff as to Allied; available from sources that are more convenient, less burdensome, or less expensive; or otherwise in the public domain.

8.      Allied objects to each Interrogatory insofar as it requests information in the possession, custody, or control of any entity or person other than Allied, or any entity or person over which Allied has no control.

9.      Allied objects to each Interrogatory to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the bank examiner privilege, or any other applicable privileges or reasons for non-disclosure.  Information covered by such privileges are not subject to disclosure.  The Interrogatories will not be construed to seek such information.  Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege or similar reason for non-disclosure.

10.      Allied objects to the definition of "Plaintiff" and "Plaintiff's" to the extent it purports to refer to John Tauro, as Allied has no record of calling John Tauro's cellular phone ending in 7088 as alleged in the Complaint.

11.      Allied objects to each Interrogatory to the extent the terms and/or phrases used therein are vague, ambiguous, undefined, or otherwise fail to

- 3 -

1  meaningfully distinguish between similar (but not identical) terms and phrases used
2  in other Interrogatories.

3      12.     Allied objects to each Interrogatory to the extent that it seeks
4  information concerning transactions and/or events outside the time period relevant
5  to this lawsuit at this time, which Allied construes to be from February 19, 2009,
6  through the filing of Plaintiff's Complaint in this lawsuit on February 19, 2013.

7      13.     Allied objects to each Interrogatory to the extent it fails to describe the
8  information sought with reasonable particularity, and/or is indefinite as to time or
9  scope, and/or seeks information that is not relevant to the individual claims or
10  defenses of the parties in this matter.

11      14.     Allied also objects to each Interrogatory as overly broad and unduly
12  burdensome because it would require Allied to make an unreasonable investigation
13  at substantial and unnecessary cost including, but not limited to, performing an
14  account-by-account review of all accounts in connection with which it placed any
15  telephone call during the relevant period, searching numerous databases with
16  independent specifications, and/or interviewing hundreds, if not thousands, of
17  employees and third parties.

18      15.     Allied objects to each Interrogatory to the extent it would require Allied
19  to search and/or restore electronically stored data, including but not limited to
20  backup databases and electronic mail, because such discovery is overbroad, unduly
21  burdensome, and neither relevant nor reasonably calculated to lead to the discovery
22  of admissible evidence.

23      16.     Allied objects to the instructions and definitions contained in Plaintiff's
24  Interrogatories to the extent they are inconsistent with and/or purport to require any
25  act not mandated by the Federal Rules of Civil Procedure and/or the Local Rules of
26  the United States District Court for the Southern District of California.

27      17.     Allied objects to the definition of the term "Document" contained in
28  Plaintiff's Interrogatories to the extent it is inconsistent with or purports to require

- 4 -

1   Allied to take measures beyond the requirements of the Federal Rules of Civil

2   Procedure and/or the Local Rules of the United States District Court for the

3   Southern District of California.

4        18.    Allied objects to the definition of the term "Identify" contained in

5   Plaintiff's Interrogatories to the extent it is inconsistent with or purports to require

6   Allied to take measures beyond the requirements of the Federal Rules of Civil

7   Procedure and/or the Local Rules of the United States District Court for the

8   Southern District of California.

9        19.    Allied objects to the definition of the terms "You" and "Your"

10  contained in Plaintiff's Interrogatories to the extent that it expressly or impliedly

11  seeks information protected from discovery by the attorney-client privilege, the

12  work product doctrine, or any other applicable privileges or reasons for non-

13  disclosure.  Information covered by such privileges is not subject to disclosure.

14  Allied further objects to the definition of the terms "You" and "Your" to the extent

15  it purports to include Allied's agents.

16       20.    Allied objects to the definition of the term "Automatic Telephone

17  Dialing System" in Plaintiff's Interrogatories to the extent it is inconsistent with the

18  definition of "Automatic Telephone Dialing System" contained in the Telephone

19  Consumer Protection Act, 47 U.S.C. § 227.

20       21.    Allied objects to each Interrogatory as overly broad, unduly

21  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

22  of admissible evidence to the extent that it seeks information about Allied's use of

23  an "Automatic Telephone Dialing System" where such was not used to call Plaintiff

24  or members of the putative class.

25       22.    Allied objects to each Interrogatory to the extent it seeks information

26  prematurely, before Allied has had the opportunity to investigate the claims and

27  defenses fully.  Allied further objects to each Interrogatory as premature to the

28  extent it seeks information concerning putative class members, as no class has been

- 5 -

1   certified in this action.  Such information may be provided only at an appropriate

2   time.

3         23.    A specific reference to a particular General Objection in the response to

4   any of the following Interrogatories is not intended to exclude the application of

5   other General Objections to that response or of the General Objections to other

6   responses.  To the extent that Allied answers a Interrogatory to which it objects,

7   such objections are not waived by the furnishing of information or documents.

8         24.    By objecting or responding to these Interrogatories, Allied does not

9   concede the relevancy or materiality of any Interrogatory, the response to any

10  Interrogatory, or the subject matter thereof.  Allied's Interrogatories are made

11  expressly subject to, and without waiver of, any objections as to competency,

12  relevancy, materiality, privilege, or admissibility as evidence or for any other

13  purpose in any proceeding.

14        25.    Allied's investigation is ongoing and Allied therefore reserves the right

15  to supplement and/or amend these Interrogatory Responses when and if it becomes

16  necessary.

17        26.    Allied reserves the right to introduce at trial additional documents or

18  information that may be obtained during future discovery or investigation.

19        27.    Allied hereby reserves the right to raise and rely upon such other and

20  further objections as may become apparent during the course of this action,

21  discovery, and/or responding to discovery.

22        28.    Each of these General Objections is incorporated into Allied's

23  responses to the individual Interrogatories, as though fully set forth therein.

24

25

26

27

28

- 6 -

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:  IDENTIFY all persons, including but not limited to YOUR agents and/or employees, known to YOU to have personal knowledge of any facts or issues involved in this lawsuit.**

**Response to Interrogatory No. 1:**  In addition to the foregoing General Objections, Allied objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "all" persons with knowledge of facts or issues "involved" in this lawsuit because Allied's investigation is still ongoing, and because numerous individuals may have knowledge of facts relevant to some portion of the claims and defenses in this case; identifying all such persons would be impossible or unduly burdensome at this time.

Subject to and without waiving this objection and the foregoing General Objections, Allied states that the following persons may have personal knowledge of facts or issues involved in this lawsuit:

1.  Jennifer Rodriguez;

2.  John Tauro;

3.  Current and former employees of the United States Department of Education; and

4.  Current and former employees of Allied, including but not limited to Heather Hornbuckle.

Allied states that its investigation is ongoing.  Allied therefore reserves the right to supplement and amend this response when and if it becomes necessary.


**Interrogatory No. 2:  If YOU have attempted to collect alleged owed debts on YOUR behalf and/or any third party at any time since February 2009, state when any such relationship(s) began.**

**Response to Interrogatory No. 2:**  In addition to the foregoing General Objections, Allied objects to this Interrogatory as overly broad, unduly burdensome, and neither

- 7 -

EXHIBIT 6 - 69

1  relevant nor reasonably calculated to lead to the discovery of admissible evidence to

2  the extent that it seeks information concerning matters or issues that are beyond the

3  scope of (a) the allegations of the Complaint relating to Plaintiff's individual claims;

4  (b) Plaintiff's individual cause of action in this lawsuit; (c) Plaintiff's factual

5  circumstances; and/or (d) the requirements for class certification.  Allied also

6  objects to this Interrogatory because it is incomprehensible.  Allied interprets this

7  Interrogatory to seek information about the entity on whose behalf Allied was

8  attempting to collect a debt from Plaintiff.

9          Subject to and without waiving these objections and the foregoing General

10  Objections, Allied states that it was attempting to collect a debt owed to the United

11  States Department of Education when it contacted Plaintiff's telephone number

12  ending in 8693.  Allied has collected debt on behalf of the United States Department

13  of Education since at least 2004.

14

15  **Interrogatory No. 3:  How many calls have YOU made to cellular telephones,**

16  **mobile telephones and wireless devices since February 2009 to the date of**

17  **answering these interrogatories, in YOUR attempts to call persons in**

18  **attempting to collect alleged owed debts for and on YOUR behalf and/or any**

19  **third party?**

20  **Response to Interrogatory No. 3:**  In addition to the foregoing General Objections,

21  Allied objects to this Interrogatory as premature, overly broad, unduly burdensome,

22  and neither relevant nor reasonably calculated to lead to the discovery of admissible

23  evidence to the extent that it seeks information concerning matters or issues that are

24  beyond the scope of (a) the allegations of the Complaint relating to Plaintiff's

25  individual claims; (b) Plaintiff's individual causes of action in this lawsuit; (c)

26  Plaintiff's factual circumstances; and/or (d) the requirements for class certification.

27  Allied further objects to this Interrogatory as overly broad and unduly burdensome

28  because it would require Allied to make an unreasonable investigation at substantial

- 8 -

1   and unnecessary cost including, but not limited to, performing an account-by-
2   account review of all accounts in connection with which it placed any telephone call
3   during the relevant period, searching numerous databases with independent
4   specifications, and/or interviewing hundreds, if not thousands, of employees and
5   third parties.  This assumes obtaining the requested information is even possible,
6   which it is not.  For example, to identify today the number of calls Allied made to
7   cellular telephones will require individualized, historical research to identify to
8   whom each of the subject numbers was assigned on the day or days in question and
9   whether that number was associated with a cellular account at that time.  Allied also
10  objects to this Interrogatory as overly broad, unduly burdensome, and neither
11  relevant nor reasonably calculated to lead to the discovery of admissible evidence to
12  the extent that it seeks to impose on Allied the obligations and costs associated with
13  identification of potentially affected persons where such burden properly rests on
14  Plaintiff.  *See, e.g., Oppenheimer Fund v. Sanders*, 434 U.S. 340 (1978); *Eisen v.
15  Carlisle & Jacquelin*, 417 U.S. 156 (1974).  Allied further objects to this
16  Interrogatory as seeking information regarding telephone calls to persons who are
17  not even potentially a member of Plaintiffs' putative class, on the grounds that such
18  discovery is neither relevant nor reasonably likely to lead to the discovery of
19  admissible evidence.  Allied also objects to this Interrogatory because it is
20  incomprehensible.

21      Subject to and without waiving these objections and the foregoing General
22  Objections, Allied states that it cannot locate the information necessary to respond
23  to this Interrogatory in any systematic or programmatic way; locating such
24  information will require an individualized, account-by-account investigation.
25  Evidence that a particular telephone number was assigned to a cellular telephone at
26  the time Allied called the number often is only in the possession of the cellular
27  service provider and/or the call recipient, and Allied has no ready access to such
28  records.  Accordingly, Allied states that it cannot answer this Interrogatory at this

1   time.  Allied states that its investigation is ongoing and it will supplement its

2   response as its investigation warrants.

3

4   **Interrogatory No. 4:  IDENTIFY all entities, including third-party entities,**

5   **YOU have used since February 2009 to attempt to collect alleged owed debts**

6   **for and on YOUR behalf and/or any third party.**

7   **Response to Interrogatory No. 4:**  Subject to and without waiving the foregoing

8   General Objections, Allied states that there are no such entities.

9

10  **Interrogatory No. 5:  State in detail YOUR efforts made in attempting to collect**

11  **alleged owed debts since February 2009 for and on YOUR behalf and/or any**

12  **third party.**

13  **Response to Interrogatory No. 5:**  In addition to the foregoing General Objections,

14  Allied objects to this Interrogatory as overbroad and as failing to describe the

15  information sought with reasonable particularity.  Allied further objects to this

16  Interrogatory as overly broad and unduly burdensome because it would require

17  Allied to make an unreasonable investigation at substantial and unnecessary cost

18  including, but not limited to, performing an account-by-account review of all

19  accounts in connection with which it placed any telephone call during the relevant

20  period, searching numerous databases with independent specifications, and/or

21  interviewing hundreds, if not thousands, of employees and third parties.  Allied also

22  objects to this Interrogatory because the terms "efforts" and "attempting to collect

23  alleged owed debts" are not defined and are otherwise vague and ambiguous.  Allied

24  further objects to this Interrogatory because it is incomprehensible.  Allied interprets

25  this Interrogatory to seek information about its efforts to collect a debt from

26  Plaintiff.

27

28

1    Subject to and without waiving these objections and the foregoing General

2   Objections, pursuant to Federal Rule of Civil Procedure 33(d), Allied refers Plaintiff

3   to the documents it will produce in response to Plaintiff's Requests for Production.

4

5   **Interrogatory No. 6:  If YOU or YOUR agents presently use, or since February**

6   **2009, have used, an autodialer to make calls, or send text messages, for and on**

7   **YOUR behalf and/or any third party, please state the type(s) of autodialer used**

8   **(brand, model number and any other identifying characteristic).**

9   **Response to Interrogatory No. 6:**  In addition to all the General Objections set

10  forth above, Allied objects to this Interrogatory as premature, overly broad, unduly

11  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

12  of admissible evidence to the extent that it seeks information concerning matters or

13  issues that are beyond the scope of (a) the allegations of the Complaint relating to

14  Plaintiffs' individual claims; (b) Plaintiffs' individual causes of action in this

15  lawsuit; (c) Plaintiffs' factual circumstances; and/or (d) the requirements for class

16  certification.  Allied further objects to this Interrogatory as overly broad, unduly

17  burdensome, and not relevant on the grounds that Plaintiff does not make any

18  allegations regarding text messages and thus such discovery is neither relevant nor

19  reasonably likely to lead to the discovery of admissible evidence.  Allied further

20  objects to this Interrogatory as overly broad and unduly burdensome to the extent it

21  seeks information about matters and events outside of the time period relevant to

22  this lawsuit.  Allied also objects to this Interrogatory because the term "autodialer"

23  is not defined and is otherwise vague and ambiguous.

24    Subject to and without waiving these objections and the foregoing General

25  Objections, Allied states that it does not use an automatic telephone dialing system

26  as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Allied

27  used a dialing system known as aQrate to place telephone calls.  Pursuant to Federal

28

- 11 -

1 | Rule of Civil Procedure 33(d), Allied refers Plaintiff to the documents it will

2 | produce in response to Plaintiff's Requests for Production.

3 |

4 | **Interrogatory No. 7:  If YOU or YOUR agents presently use, or since February**

5 | **2009, have used an autodialer to make calls, or send text messages, for and on**

6 | **YOUR behalf and/or any third party, please state where it is located, or was**

7 | **located when used by YOU or YOUR agents.**

8 | **Response to Interrogatory No. 7:**  In addition to all the General Objections set

9 | forth above, Allied objects to this Interrogatory as premature, overly broad, unduly

10 | burdensome, and neither relevant nor reasonably calculated to lead to the discovery

11 | of admissible evidence to the extent that it seeks information concerning matters or

12 | issues that are beyond the scope of (a) the allegations of the Complaint relating to

13 | Plaintiffs' individual claims; (b) Plaintiffs' individual causes of action in this

14 | lawsuit; (c) Plaintiffs' factual circumstances; and/or (d) the requirements for class

15 | certification.  Allied further objects to this Interrogatory as overly broad, unduly

16 | burdensome, and not relevant on the grounds that Plaintiff does not make any

17 | allegations regarding text messages and thus such discovery is neither relevant nor

18 | reasonably likely to lead to the discovery of admissible evidence.  Allied further

19 | objects to this Interrogatory as overly broad and unduly burdensome to the extent it

20 | seeks information about matters and events outside of the time period relevant to

21 | this lawsuit.  Allied also objects to this Interrogatory because the term "autodialer"

22 | is not defined and is otherwise vague and ambiguous.

23 | Subject to and without waiving these objections and the foregoing General

24 | Objections, Allied states that it does not use an automatic telephone dialing system

25 | as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Allied

26 | used a dialing system known as aQrate to place telephone calls.  Allied's servers are

27 | located in New York, New Jersey, and Georgia.

28 |

- 12 -

1  **Interrogatory No. 8**:  **If YOU or YOUR agents presently use, or since February**
2  **2009, have used, a predictive dialer to make calls, or send text messages, for**
3  **and on YOUR behalf and/or any third party, please state the type of predictive**
4  **dialer used (brand, model number and any other identifying characteristic).**
5  **Response to Interrogatory No. 8**:  In addition to all the General Objections set
6  forth above, Allied objects to this Interrogatory as premature, overly broad, unduly
7  burdensome, and neither relevant nor reasonably calculated to lead to the discovery
8  of admissible evidence to the extent that it seeks information concerning matters or
9  issues that are beyond the scope of (a) the allegations of the Complaint relating to
10  Plaintiffs' individual claims; (b) Plaintiffs' individual causes of action in this
11  lawsuit; (c) Plaintiffs' factual circumstances; and/or (d) the requirements for class
12  certification.  Allied further objects to this Interrogatory as overly broad, unduly
13  burdensome, and not relevant on the grounds that Plaintiff does not make any
14  allegations regarding text messages and thus such discovery is neither relevant nor
15  reasonably likely to lead to the discovery of admissible evidence.  Allied further
16  objects to this Interrogatory as overly broad and unduly burdensome to the extent it
17  seeks information about matters and events outside of the time period relevant to
18  this lawsuit.  Allied also objects to this Interrogatory because the term "predictive
19  dialer" is not defined and is otherwise vague and ambiguous.
20  　　　Subject to and without waiving these objections and the foregoing General
21  Objections, see Response to Interrogatory No. 6.
22
23  **Interrogatory No. 9**:  **If YOU or YOUR agents presently use, or since February**
24  **2009, have used, a predictive dialer to make calls, or send text messages, for**
25  **and on YOUR behalf and/or any third party, please state where it is located, or**
26  **was located when used by YOU or YOUR agents.**
27  **Response to Interrogatory No. 9**:  See Interrogatory Response No. 7.
28

- 13 -

EXHIBIT (S-76)

1   **Interrogatory No. 10:** If YOU or YOUR agents presently outsource, or have

2   since February 2009 outsourced, to an entity outside YOUR company, any

3   autodialer or predictive dialer to make calls, or send text messages, for and on

4   YOUR behalf and/or any third party, IDENTIFY all companies to which YOU

5   or YOUR agents have outsourced such calls.

6   **Response to Interrogatory No. 10:**  Subject to and without waiving the foregoing

7   General Objections, Allied states that it has not used any outside entity to make debt

8   collection calls.

9

10   **Interrogatory No. 11:** If YOU or YOUR agents presently outsource, or have

11   since February 2009 outsourced, to an entity outside YOUR company, any

12   autodialer or predictive dialer to make calls, or send text messages, for and on

13   YOUR behalf and/or any third party, state which type of calls, or category or

14   categories of calls, were outsourced.

15   **Response to Interrogatory No. 11:**  See Response to Interrogatory No. 10.

16

17   **Interrogatory No. 12:** If YOU or YOUR agents operated any "co-located"

18   (equipment that is located at a place other than on YOUR or YOUR agents'

19   company's premises) autodialers or predictive dialers, to make calls, or send

20   text messages, for and on behalf of YOURSELF, and/or any third party, please

21   state the type of autodialer or predictive dialer operated (brand, model number

22   and any other identifying characteristic).

23   **Response to Interrogatory No. 12:**  Subject to and without waiving the foregoing

24   General Objections, Allied states it has not operated any "co-located" equipment

25   during the relevant time period.

26

27

28

EXHIBIT G, P. 76

1   **Interrogatory No. 13**:  If YOU or YOUR agents operated any "co-located"

2   (equipment that is located at a place other than on YOUR or YOUR agents'

3   company's premises) autodialers or predictive dialers, to make calls, or send

4   text messages, for and on behalf of YOURSELF, and/or any third party, please

5   state the address(es) where it is (and where it was) located while it was used for

6   making calls on YOUR behalf, or on behalf of YOUR agents.

7   **Response to Interrogatory No. 13**:  See Response to Interrogatory No. 12.

8

9   **Interrogatory No. 14**:  State all types of formats used for YOUR or YOUR

10  agents' outbound dial list(s) and reports of calls maintained for YOUR calls, or

11  send text messages, made for and on YOUR behalf and/or any third party,

12  since February 2009, identifying each by dates used and for which campaigns

13  it was used.

14  **Response to Interrogatory No. 14**:  In addition to all the General Objections set

15  forth above, Allied objects to this Interrogatory as premature, overly broad, unduly

16  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

17  of admissible evidence to the extent that it seeks information concerning matters or

18  issues that are beyond the scope of (a) the allegations of the Complaint relating to

19  Plaintiffs' individual claims; (b) Plaintiffs' individual causes of action in this

20  lawsuit; (c) Plaintiffs' factual circumstances; and/or (d) the requirements for class

21  certification.  Allied further objects to this Interrogatory as overly broad, unduly

22  burdensome, and not relevant on the grounds that Plaintiff does not make any

23  allegations regarding text messages and thus such discovery is neither relevant nor

24  reasonably likely to lead to the discovery of admissible evidence.  Allied further

25  objects to this Interrogatory as overly broad and unduly burdensome to the extent it

26  seeks information about matters and events outside of the time period relevant to

27  this lawsuit.  Allied also objects to this Interrogatory because the terms "formats,"

28

- 15 -

1   "outbound dial lists," "reports of calls," "maintained," and "campaigns" are not

2   defined and are otherwise vague and ambiguous.

3          Subject to and without waiving these objections and the foregoing General

4   Objections, Allied states that it maintains records of all alleged collections phone

5   calls to Plaintiff in a collections database known as IntelliOne.

6

7   **Interrogatory No. 15:  Describe the computer system(s) YOU or YOUR agents**

8   **use or used since February 2009, in, or related to, YOUR or YOUR agents'**

9   **telephone calling operation for calls, or sending text messages, made by YOU**

10  **for and on YOUR behalf and/or any third party, including the brand, model**

11  **number, operating system(s), back-up storage and software used.**

12  **Response to Interrogatory No. 15:**  In addition to all the General Objections set

13  forth above, Allied objects to this Interrogatory as premature, overly broad, unduly

14  burdensome, and neither relevant nor reasonably calculated to lead to the discovery

15  of admissible evidence to the extent that it seeks information concerning matters or

16  issues that are beyond the scope of (a) the allegations of the Complaint relating to

17  Plaintiffs' individual claims; (b) Plaintiffs' individual causes of action in this

18  lawsuit; (c) Plaintiffs' factual circumstances; and/or (d) the requirements for class

19  certification.  Allied further objects to this Interrogatory as overly broad, unduly

20  burdensome, and not relevant on the grounds that Plaintiff does not make any

21  allegations regarding text messages and thus such discovery is neither relevant nor

22  reasonably likely to lead to the discovery of admissible evidence.  Allied further

23  objects to this Interrogatory as overly broad and unduly burdensome to the extent it

24  seeks information about matters and events outside of the time period relevant to

25  this lawsuit.  Allied also objects to this Interrogatory because the terms "computer

26  systems," "related to," and "telephone calling operation" are not defined and are

27  otherwise vague and ambiguous.  Allied further objects to this Interrogatory because

28  it is incomprehensible.

- 16 -

1    Subject to and without waiving these objections and the foregoing General

2  Objections, Allied states that it used a system known as IntelliOne in connection

3  with all alleged telephone calls placed to Plaintiff.

4

5  **Interrogatory No. 16:  State the number of persons within the United States**

6  **that YOU attempted to call, or that were in fact called by YOU, in attempting**

7  **to collect alleged owed debts for and on YOUR behalf and/or any third party,**

8  **or by any of YOUR employees, agents or independent contractors, or other**

9  **persons or entities working on YOUR behalf, on that person's pagers, cellular**

10 **telephones, mobile telephones, or wireless devices either through the use of an**

11 **automatic telephone dialing system or a text message from February 2009 to**

12 **the date of answering these interrogatories.**

13 **Response to Interrogatory No. 16:**  In addition to the foregoing General

14 Objections, Allied objects to this Interrogatory as premature, overly broad, unduly

15 burdensome, and neither relevant nor reasonably calculated to lead to the discovery

16 of admissible evidence to the extent that it seeks information concerning matters or

17 issues that are beyond the scope of (a) the allegations of the Complaint relating to

18 Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this

19 lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class

20 certification.  Allied further objects to this Interrogatory as overly broad and unduly

21 burdensome because it would require Allied to make an unreasonable investigation

22 at substantial and unnecessary cost including, but not limited to, performing an

23 account-by-account review of all accounts in connection with which it placed any

24 telephone call during the relevant period, searching numerous databases with

25 independent specifications, and/or interviewing hundreds, if not thousands, of

26 employees and third parties.  This assumes obtaining the requested information is

27 even possible, which is not.  For example, to identify today the number persons

28 Allied attempted to contact on cellular telephones will require individualized,

- 17 -

1  historical research to identify to whom each of the subject numbers was assigned on

2  the day or days in question and whether that number was associated with a cellular

3  account at that time.  Allied also objects to this Interrogatory as overly broad,

4  unduly burdensome, and neither relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence to the extent that it seeks to impose on Allied the

6  obligations and costs associated with identification of potentially affected persons

7  where such burden properly rests on Plaintiff.  *See, e.g., Oppenheimer Fund v.*

8  *Sanders*, 434 U.S. 340 (1978); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974).

9  Allied further objects to this Interrogatory as seeking information regarding

10  telephone calls to persons who are not even potentially a member of Plaintiffs'

11  putative class, on the grounds that such discovery is neither relevant nor reasonably

12  likely to lead to the discovery of admissible evidence.

13       Subject to and without waiving these objections and the foregoing General

14  Objections, Allied states that it cannot locate the information necessary to respond

15  to this Interrogatory in any systematic or programmatic way; locating such

16  information will require an individualized, account-by-account investigation.

17  Evidence that a particular telephone number was assigned to a cellular telephone at

18  the time Allied called the number often is only in the possession of the cellular

19  service provider and/or the call recipient, and Allied has no ready access to such

20  records.  Accordingly, Allied states that it cannot answer this Interrogatory at this

21  time.  Allied states that its investigation is ongoing and it will supplement its

22  response as its investigation warrants.

23

24

25

26

27

28

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)
3:13-cv-00388-DMS-JMA

1 **Interrogatory No. 17**:  IDENTIFY all persons within the United States that

2 YOU attempted to call, or send text messages, or that were in fact called by

3 YOU, in servicing or collecting on loans for and on YOUR behalf and/or any

4 third party, or by any of YOUR employees, agents or independent contractors,

5 or other persons or entities working on YOUR behalf, on that person's pagers,

6 cellular telephones, mobile telephones, or wireless devices either through the

7 use of an automatic telephone dialing system or using a prerecorded voice from

8 February 2009 to the date of answering these interrogatories.

9 **Response to Interrogatory No. 17**:  See Response to Interrogatory No. 16.

10

11 **Interrogatory No. 18**:  IDENTIFY all persons (other than putative class

12 members) known to YOU or YOUR agents to have personal knowledge of any

13 facts relating to or constituting any "prior express consent", as that term is

14 defined in 47 U.S.C. § 227(b)(a)(A), to receive text messages, that was provided

15 to YOURSELF, and/or any third party, YOU or YOUR agents by the persons

16 that allegedly were called by YOU or by YOUR employees, agents, independent

17 contractors, in attempting to collect alleged owed debts from February 2009 to

18 the date of answering these interrogatories.

19 **Response to Interrogatory No. 18**:  In addition to the foregoing General

20 Objections, Allied objects to this Interrogatory as premature, overly broad, unduly

21 burdensome, and neither relevant nor reasonably calculated to lead to the discovery

22 of admissible evidence to the extent that it seeks information concerning matters or

23 issues that are beyond the scope of (a) the allegations of the Complaint relating to

24 Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this

25 lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class

26 certification.  Allied also objects to this Interrogatory as overly broad, unduly

27 burdensome, and not relevant on the grounds that Plaintiff does not make any

28 allegations regarding text messages and thus such discovery is neither relevant nor

- 19 -

1   reasonably likely to lead to the discovery of admissible evidence.  Allied further

2   objects to this Interrogatory as overly broad and unduly burdensome because it

3   would require Allied to make an unreasonable investigation at substantial and

4   unnecessary cost including, but not limited to, performing an account-by-account

5   review of all accounts in connection with which it placed any telephone call during

6   the relevant period, searching numerous databases with independent specifications,

7   and/or interviewing hundreds, if not thousands, of employees and third parties.

8   Allied also objects to this Interrogatory to the extent it seeks the private information

9   of non-parties.

10         Based on these objections and the foregoing General Objections, Allied states

11   that Plaintiff does not allege that she received any text messages from Allied in

12   violation of the TCPA, so no answer to this Interrogatory will be provided.

13

14   **Interrogatory No. 19:  Describe all of YOUR efforts in which YOU engaged in**

15   **order to determine whether "prior express consent", as that term is used in 47**

16   **U.S.C. § 227(b)(a)(A), had been provided for the numbers YOU or any of**

17   **YOUR employees, agents or independent contracts, called, attempted to call or**

18   **sent text messages to, in attempting to collected alleged owed debts for and on**

19   **YOUR behalf and/or any third party, that were pagers, cellular telephones,**

20   **mobiles telephone or wireless devices, through the use of an automatic**

21   **telephone dialing system from February 2009 to the date of answering these**

22   **interrogatories.**

23   **Response to Interrogatory No. 19:**  In addition to the foregoing General

24   Objections, Allied objects to this Interrogatory as premature, overly broad, unduly

25   burdensome, and neither relevant nor reasonably calculated to lead to the discovery

26   of admissible evidence to the extent that it seeks information concerning matters or

27   issues that are beyond the scope of (a) the allegations of the Complaint relating to

28   Plaintiff's individual claims; (b) Plaintiff's individual causes of action in this

- 20 -

1   lawsuit; (c) Plaintiff's factual circumstances; and/or (d) the requirements for class

2   certification.  Allied also objects to this Interrogatory as overly broad, unduly

3   burdensome, and not relevant on the grounds that Plaintiff does not make any

4   allegations regarding text messages and thus such discovery is neither relevant nor

5   reasonably likely to lead to the discovery of admissible evidence.  Allied further

6   objects to this Interrogatory as overly broad and unduly burdensome because it

7   would require Allied to make an unreasonable investigation at substantial and

8   unnecessary cost including, but not limited to, performing an account-by-account

9   review of all accounts in connection with which it placed any telephone call during

10   the relevant period, searching numerous databases with independent specifications,

11   and/or interviewing hundreds, if not thousands, of employees and third parties.

12   Allied also objects to this Interrogatory to the extent it seeks the private information

13   of non-parties.  Allied further objects to this Interrogatory because it is

14   incomprehensible.

15        Subject to these objections and all General Objections, Allied states generally

16   that it obtained consent to contact persons through cellular telephones through a

17   variety of means, including but not limited to circumstances where (a) the recipient

18   gave out his or her cellular number as a contact number; (b) the recipient called

19   Allied or an interested creditor or an agent or collector on the account on his or her

20   cellular number; (c) consent to be called was provided to the creditor, such as

21   through the credit application or during the credit relationship; (d) the recipient

22   forwarded his or her land line number to his or her cellular telephone; (e) the

23   recipient agreed to be called by the creditor, and he or she only had a cellular

24   telephone; (f) the recipient requested during a collection attempt that he or she be

25   called on the cellular line, or that he or she be called back and the consumer only

26   had a cellular telephone; and (g) someone with authority provided consent for a call

27   to the cellular telephone.  Allied relied on the information provided by its clients,

28   and if a phone call recipient indicated they did not consent to phone calls on their

- 21 -

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)   EXHIBIT (SET ONE)
3:13-cv-00388-DMS-JMA

1  cellular phone, Allied's policy was to cease contacting that cellular phone number.

2  Allied's investigation is continuing, and it will supplement this response if the

3  results of the investigation warrant.

4

5  **Interrogatory No. 20:  IDENTIFY all entities YOU acquired since February**

6  **2009 which YOU used in attempting to collect alleged owed debts for and on**

7  **behalf of YOURSELF, and/or any third party.**

8  **Response to Interrogatory No. 20:**  Subject to and without waiving the foregoing

9  General Objections, Allied states that there are no such entities.

10

11  **Interrogatory No. 21:  IDENTIFY any and all insurance policies [including**

12  **names of insurance carrier, address, telephone number/s and policy amounts]**

13  **that may cover YOU for any liability that may be found against YOU in this**

14  **action.**

15  **Response to Interrogatory No. 21:**  Subject to and without waiving the foregoing

16  General Objections, Allied directs Plaintiff to Allied's Rule 26 Initial Disclosures,

17  wherein Allied stated that it has no liability insurance that will be applicable to the

18  claims in this action.

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I hereby declare under penalty of perjury under the laws of the United States of America that I have read the foregoing DEFENDANT ALLIED INTERSTATE'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE) and that the facts contained therein are true to the best of my knowledge and belief based on inquiry.

Dated: July ___, 2013            By: _____
                                      Heather Hornbuckle
                                      Assistant Vice President, Operations
                                      iQor US Holdings, Inc.

As to objections made to interrogatories:

Dated: July 22, 2013            By: _____
                                      Thomas M. Hefferon (*pro hac vice*)
                                      thefferon@goodwinprocter.com
                                      Jeffrey D. Skinner (SBN 239214)
                                      jskinner@goodwinprocter.com
                                      GOODWIN PROCTER LLP
                                      901 New York Avenue NW
                                      Washington, DC  20001
                                      Telephone: (202) 346-4000
                                      Facsimile:  (202) 346-4444

                                      *Attorneys for Defendant Allied
                                      Interstate LLC*

- 23 -

**CERTIFICATE OF SERVICE**

I am a resident of the District of Columbia, over the age of eighteen years, and not a party to this action.  My business address is GOODWIN|PROCTER LLP, 901 New York Avenue NW, Washington, DC  20001.  On July 22, 2013, I caused the foregoing document to be served by Federal Express, second-day delivery, upon counsel for plaintiffs at the following addresses:

Joshua B. Swigart
Hyde & Swigart
411 Camino Del Rio South
Suite 301
San Diego, CA 92108-3551
Tel:   (619) 233-7770
Fax:   (619) 297-1022
josh@westcoastlitigation.com

Todd M. Friedman
Nicholas J. Bontrager
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Drive #415
Beverly Hills, CA  90211
Tel:   (877) 206-4741
Fax:   (866) 633-0228
tfriedman@attorneysforconsumers.com

Abbas Kazerounian
Matthew Loker
Kazerouni Law Group, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA  92705
Tel:   (800) 400-6808
Fax:   (800) 520-5523
ak@kazlg.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: July 22, 2013

_____
Jeffrey D. Skinner

1

## **VERIFICATION**

2  I hereby declare under penalty of perjury under the laws of the United States

3  of America that I have read the foregoing DEFENDANT ALLIED INTERSTATE'S

4  RESPONSES AND OBJECTIONS TO PLAINTIFF'S SPECIAL

5  INTERROGATORIES (SET ONE) and that the facts contained therein are true to

6  the best of my knowledge and belief based on inquiry.

7

8  Dated: ~~July~~ August  7, 2013          By: Heather Hornbuckle

          Heather Hornbuckle

9          Assistant Vice President, Operations
          iQor US Holdings, Inc.

10

11          As to objections made to interrogatories:

12

13

14  Dated:  July 22, 2013          By:_____
          Thomas M. Hefferon (*pro hac vice*)

15          thefferon@goodwinprocter.com
          Jeffrey D. Skinner (SBN 239214)

16          jskinner@goodwinprocter.com
          GOODWIN|PROCTER LLP

17          901 New York Avenue NW
          Washington, DC 20001

18          Telephone: (202) 346-4000
          Facsimile: (202) 346-4444

19

20          *Attorneys for Defendant Allied
          Interstate LLC*

21

22

23

24

25

26

27

28

- 23 -

# EXHIBIT 5

1   BROOKS R. BROWN (SBN 250724)
    *bbrown@goodwinprocter.com*
2   LAURA A. STOLL (SBN 255023)
    *lstoll@goodwinprocter.com*
3   **GOODWIN PROCTER** LLP
    601 S. Figueroa Street, 41st Floor
4   Los Angeles, California  90017
    Tel.:  213.426.2500
5   Fax.:  213.623.1673

6   THOMAS M. HEFFERON (pro hac vice)
    *thefferon@goodwinprocter.com*
7   J. CHRIS SUEDEKUM (pro hac vice)
    *csuedekum@goodwinprocter.com*
8   **GOODWIN PROCTER** LLP
    901 New York Avenue NW
9   Washington, DC  20001
    Tel.:  202.346.4000
10  Fax.:  202.346.4444

11  Attorneys for Defendant
    ALLIED INTERSTATE, LLC

12

13                  **UNITED STATES DISTRICT COURT**

14              **SOUTHERN DISTRICT OF CALIFORNIA**

15                      **SAN DIEGO DIVISION**

16  JENNIFER RODRIGUEZ and JOHN        Case No. 3:13-cv-00388-DMS-JMA
17  TAURO, individually and on behalf of
    all others similarly situated,         **DEFENDANT ALLIED**
18                                         **INTERSTATE LLC'S**
                    Plaintiffs,            **SUPPLEMENTAL RESPONSES**
19                                         **AND OBJECTIONS TO**
            v.                             **INTERROGATORY NOS. 1 AND 19**
20                                         **OF PLAINTIFF'S SPECIAL**
    ALLIED INTERSTATE LLC,                 **INTERROGATORIES (SET ONE)**
21
                    Defendant.             Hon. Dana M. Sabraw, District Judge
22                                         Hon. Jan M. Adler, Magistrate Judge

23

24

25

26

27

28

---

DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)          3:13-cv-00388-DMS-JMA
                                                          EXHIBIT 5 -87-

1   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

2   Defendant Allied Interstate LLC ("Allied"), hereby provides its objections and

3   supplemental response to Interrogatory Nos. 1 and 19 of the Special Interrogatories

4   (Set One) ("Interrogatories") propounded by Plaintiff Jennifer Rodriguez

5   ("Plaintiff").

6   The Supplemental Response set forth below is based on information presently

7   available to Allied. Allied's factual and legal investigation of this matter is ongoing.

8   Allied thus reserves the right to supplement, correct and/or amend this Supplemental

9   Response to Interrogatory Nos. 1 and 19 based on information later obtained

10   through investigation, discovery or otherwise, including after resolution of

11   Plaintiff's pending Motion for Class Certification.

12   
13   **SPECIFIC OBJECTIONS AND SUPPLEMENTAL
RESPONSE TO INTERROGATORY NOS. 1 AND 19**

14   **Interrogatory No. 1:  IDENTIFY all persons, including but not limited to**

15   **YOUR agents and/or employees, known to YOU to have personal knowledge of**

16   **any facts or issues involved in this lawsuit.**

17   

18   **Supplemental Response to Interrogatory No. 1:** Allied incorporates by reference,

19   as if fully set forth herein, the objections (general and specific) and response to this

20   Interrogatory contained in Allied Responses and Objections to Plaintiff's Special

21   Interogatories (Set One) (July 22, 2013).

22   Subject to and without waiving the foregoing objections, Allied refers

23   Plaintiff to, and incorporates by reference as if fully set forth herein, its

24   Supplemental Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) (January 24,

25   2014) and the documents produced therewith for additional information responsive

26   to this Interrogatory.

27   

28

1   <u>Interrogatory No. 19</u>: Describe all of YOUR efforts in which YOU engaged in

2   order to determine whether "prior express consent", as that term is used in 47

3   U.S.C. § 227(b)(a)(A), had been provided for the numbers YOU or any of

4   YOUR employees, agents or independent contracts, called, attempted to call or

5   sent text messages to, in attempting to collected alleged owed debts for and on

6   YOUR behalf and/or any third party, that were pagers, cellular telephones,

7   mobiles telephone or wireless devices, through the use of an automatic

8   telephone dialing system from February 2009 to the date of answering these

9   interrogatories.

10

11   <u>Supplemental Response to Interrogatory No. 19</u>:   Allied incorporates by

12   reference, as if fully set forth herein, the objections (general and specific) and

13   response to this Interrogatory contained in Allied Responses and Objections to

14   Plaintiff's Special Interogatories (Set One) (July 22, 2013).

15        Subject to and without waiving the foregoing objections, Allied refers

16   Plaintiff to, and incorporates by reference as if fully set forth herein, its

17   Supplemental Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) (January 24,

18   2014) and the documents produced therewith for additional information responsive

19   to this Interrogatory.

20

21   Dated:   January 24, 2014        By:   BROOKS R. BROWN
                                            *bbrown@goodwinprocter.com*
22                                          LAURA A. STOLL
                                            *lstoll@goodwinprocter.com*
23                                          **GOODWIN PROCTER LLP**
                                            601 S. Figueroa Street, 41st Floor
24                                          Los Angeles, California 90017
                                            Tel.: 213.426.2500
25                                          Fax.: 213.623.1673

26                                          THOMAS M. HEFFERON (pro hac vice)
                                            *thefferon@goodwinprocter.com*
27                                          J. CHRIS SUEDEKUM (pro hac vice)
                                            *csuedekum@goodwinprocter.com*
28                                          **GOODWIN PROCTER LLP**

- 2 -

DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax.: 202.346.4444

Attorneys for Defendant:
ALLIED INTERSTATE, LLC

- 3 -

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
3  18 and not a party to the within action.  My business address is:  601 South Figueroa Street, 41st
   Floor, Los Angeles, CA  90017.

4      On **January 24, 2014**, I served the following documents by placing a true copy thereof
   in a sealed envelope(s) on the persons below as follows:

5

6  **DEFENDANT ALLIED INTERSTATE LLC'S SUPPLEMENTAL RESPONSES AND
   OBJECTIONS TO INTERROGATORY NOS. 1 AND 19 OF PLAINTIFF'S SPECIAL
   INTERROGATORIES (SET ONE)**

7

8  Todd M. Friedman                          Counsel for Plaintiff: *Jennifer Rodriguez*
   Nicholas J. Bontrager                                     Tel. 877.206.4741
9  LAW OFFICES OF TODD M.                                   Fax. 866.633.0228
   FRIEDMAN, P.C.                          tfriedman@attorneysforconsumers.com
   369 S. Doheny Drive, Suite 415           nbontrager@attorneysforconsumers.com
10 Beverly Hills, CA  90211

11 Abbas Kazerounian                          Counsel for Plaintiff: *Jennifer Rodriguez*
   Matthew Loker                                             Tel. 800.400.6808
12 KAZEROUNI LAW GROUP, APC                                 Fax. 800.520.5523
   245 Fischer Avenue, Suite D1                                ak@kazlg.com
13 Costa Mesa, CA  92626                                       ml@kazlg.com

14 Joshua B. Swigart                          Counsel for Plaintiff: *Jennifer Rodriguez*
   HYDE & SWIGART                                            Tel. 619.233.7770
15 411 Camino Del Rio South, Suite 301                      Fax. 619.297.1022
   San Diego, CA  92108                     josh@westcoastlitigation.com

16

17 ☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax
        transmission, I faxed the documents to the persons at the fax numbers listed. No error
18      was reported by the fax machine that I used. A copy of the record of the fax
        transmission, which I printed out, is attached.
19

20 ☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement
        of the parties to accept service by e-mail or electronic transmission, I caused the
21      documents to be sent to the persons at the e-mail addresses listed. I did not receive,
        within a reasonable time after the transmission, any electronic message or other
22      indication that the transmission was unsuccessful.

23 ☐   (MAIL).  I placed the envelope for collection and mailing, following our ordinary
        business practices. I am readily familiar with this firm's practice for collecting and
24      processing correspondence for mailing.  On the same day that correspondence is placed
        for collection and mailing, it is deposited in the ordinary course of business with the
25      United States Postal Service, in a sealed envelope with postage fully prepaid. I am a
        resident or employed in the county where the mailing occurred.  The envelope or
26      package was placed in the mail at Los Angeles, California.

27

28

---

DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS              **EXHIBIT 5** -91-
TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)              3:13-cv-00388-DMS-JMA

1 □ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set
2 forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The
3 NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to
4 any document served in the traditional manner upon any party appearing pro se."

5 ☑ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver
6 authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service
7 carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

8 I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and
9 correct.

10 Executed on **January 24, 2014**, at Los Angeles, California.

11

12 _____          _____
    Simone Robinson                    (Signature)
13 (Type or print name)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS          EXHIBIT 5 -92-
TO PLAINTIFF'S SPECIAL INTERROGATORIES (SET ONE)          3:13-cv-00388-DMS-JMA

# EXHIBIT 6

**Nielson, Mariana**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Monday, January 27, 2014 8:38 AM |
| **To:** | Robinson, Simone C |
| **Subject:** | FedEx Shipment 797725150105 Delivered |

fedex.com  |  Ship  |  Track  |  Manage  |  Learn    Office/Print Services

# Your package has been delivered

## Tracking # 797725150105

Ship (P/U) date:
**Friday, 1/24/14**

Simone Robinson
Goodwin Procter, LLP
LOS ANGELES, CA 90017
US



Delivered

Delivery date:
**Monday, 1/27/14 8:32 AM**

**TODD M. FRIEDMAN**
Law Office of Todd M.
Friedman, P.C
369 S. Doheny Drive Suite 415
BEVERLY HILLS, CA 90211
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 797725150105 |
| **Status:** | Delivered: 01/27/2014 08:32 AM Signed for By: Signature Release on file |
| **Reference:** | 105424-222200 |
| **Signed for by:** | Signature Release on file |
| **Delivery location:** | BEVERLY HILLS, CA |
| **Service type:** | FedEx Priority Overnight |
| **Packaging type:** | FedEx Box |
| **Number of pieces:** | 1 |
| **Weight:** | 3.00 lb. |
| **Special handling/Services:** | Deliver Weekday |

✉ Please do not respond to this message. This email was sent from an unattended mai box. This report was generated at approximately 10:37 AM CST on 01/27/2014.

To learn more about FedEx Express, please go to fedex.com.

All weights are estimated.

EXHIBIT 6 -93-

To track the latest status of your shipment, click on the tracking number above, or go to fedex.com.

This tracking update has been sent to you by FedEx at your request. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and terms of use, go to fedex.com.

Thank you for your business.

EXHIBIT 6 -94-

**Nielson, Mariana**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Monday, January 27, 2014 9:51 AM |
| **To:** | Robinson, Simone C |
| **Subject:** | FedEx Shipment 797725163311 Delivered |

fedex.com  |  Ship   |  Track   |  Manage   |  Learn    Office/Print Services

# Your package has been delivered

## Tracking # 797725163311

Ship (P/U) date:
**Friday, 1/24/14**

Simone Robinson
Goodwin Procter, LLP
LOS ANGELES, CA 90017
US

**Delivered**

Delivery date:
**Monday, 1/27/14 9:49 AM**

**JOSHUA B. SWIGART, Esq.**
Hyde & Swigart
411 CAMINO DEL RIO S STE 301
SAN DIEGO, CA 92108
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| **Tracking number:** | 797725163311 |
| **Status:** | Delivered: 01/27/2014 09:49 AM Signed for By: J.FREUND |
| **Reference:** | 105424-222200 |
| **Signed for by:** | J.FREUND |
| **Delivery location:** | SAN DIEGO, CA |
| **Delivered to:** | Receptionist/Front Desk |
| **Service type:** | FedEx Priority Overnight |
| **Packaging type:** | FedEx Box |
| **Number of pieces:** | 1 |
| **Weight:** | 3.00 lb. |
| **Special handling/Services:** | Deliver Weekday |

✉ Please do not respond to this message. This email was sent from an unattended mai box. This report was generated at approximately 11:51 AM CST on 01/27/2014.

To learn more about FedEx Express, please go to fedex.com.

All weights are estimated.

EXHIBIT 6 -95-

To track the latest status of your shipment, click on the tracking number above, or go to fedex.com.

This tracking update has been sent to you by FedEx at your request. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and terms of use, go to fedex.com.

Thank you for your business.

EXHIBIT 6 -96-

**Nielson, Mariana**

| | |
|---|---|
| **From:** | trackingupdates@fedex.com |
| **Sent:** | Monday, January 27, 2014 9:56 AM |
| **To:** | Robinson, Simone C |
| **Subject:** | FedEx Shipment 797725152038 Delivered |

fedex.com  |  Ship  |  Track  |  Manage  |  Learn    Office/Print Services

# Your package has been delivered

## Tracking # 797725152038

Ship (P/U) date:
**Friday, 1/24/14**

Simone Robinson
Goodwin Procter, LLP
LOS ANGELES, CA 90017
US



**Delivered**

Delivery date:
**Monday, 1/27/14 9:54 AM**

**ABBAS KAZEROUIAN, Esq.**
Kazerouni Law Group, APC
245 FISCHER AVE STE D1
COSTA MESA, CA 92626
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| Tracking number: | 797725152038 |
| Status: | Delivered: 01/27/2014 09:54 AM Signed for By: L.NAVARRA |
| Reference: | 105424-222200 |
| Signed for by: | L.NAVARRA |
| Delivery location: | COSTA MESA, CA |
| Delivered to: | Residence |
| Service type: | FedEx Priority Overnight |
| Packaging type: | FedEx Box |
| Number of pieces: | 1 |
| Weight: | 3.00 lb. |
| Special handling/Services: | Deliver Weekday |
| | Residential Delivery |

✉ Please do not respond to this message. This email was sent from an unattended mai box. This report was generated at approximately 11:56 AM CST on 01/27/2014.

To learn more about FedEx Express, please go to **fedex.com**.

EXHIBIT 6 -97-

To track the latest status of your shipment, click on the tracking number above, or go to fedex.com.

This tracking update has been sent to you by FedEx at your request. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and terms of use, go to fedex.com.

Thank you for your business.

EXHIBIT 6 -98-

# EXHIBIT 9

# [CONFIDENTIAL

# LODGED UNDER SEAL]

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

```
---------------------------:
JENNIFER RODRIGUEZ; AND    :
JOHN TAURO; INDIVIDUALLY   :
AND ON BEHALF OF ALL OTHERS:
SIMILARLY SITUATED,        :
                           :
          Plaintiffs,      :
                           :
       vs.                 : Case No. 13-cv-0388
                           :
ALLIED INTERSTATE, L.L.C., :
                           :
          Defendant.       :
                           :
---------------------------:
```

Washington, D.C.

Tuesday, November 19, 2013

30(b)(6) Deposition of:

ALLIED INTERSTATE, L.L.C.

HEATHER HORNBUCKLE

called for oral examination by counsel for

Plaintiffs, pursuant to notice, at Goodwin

Procter, L.L.P., 901 New York Avenue, Northwest,

Washington, D.C., before Shari R. Broussard, RPR,

CSR, of Capital Reporting Company, a Notary Public

in and for the District of Columbia, beginning at

1:38 p.m., when were present on behalf of the

respective parties:

EXHIBIT 7 -99-
[CONFIDENTIAL LODGED UNDER SEAL]



REDACTED

REDACTED

REDACTED



REDACTED

REDACTED



REDACTED

REDACTED

REDACTED

REDACTED