```
                    UNITED STATES DISTRICT COURT

                  SOUTHERN DISTRICT OF CALIFORNIA


             BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

 _____
                                         )
JENNIFER RODRIGUEZ; AND, JOHN            )
TAURO, INDIVIDUALLY AND ON BEHALF        )
OF ALL OTHERS SIMILARLY SITUATED         )
                                         ) CASE NO. 13CV0388-DMS
           PLAINTIFFS,                   )
                                         )
                                         )
VS.                                      )
                                         )  SAN DIEGO, CALIFORNIA
ALLIED INTERSTATES, LLC,                 )   FEBRUARY 5, 2014
                                         )   11:15 A.M. CALENDAR
                                         )
           DEFENDANT.                    )
 ---------------------------------------

                    REPORTER'S TRANSCRIPT OF PROCEEDINGS

                        TELEPHONIC MOTION HEARING




REPORTED BY:               LEE ANN PENCE,
                           OFFICIAL COURT REPORTER
                           UNITED STATES COURTHOUSE
                           333 WEST BROADWAY, ROOM 1393
                           SAN DIEGO, CALIFORNIA 92101
```

```
COUNSEL APPEARING TELEPHONICALLY:


FOR PLAINTIFF:          MATTHEW MICHAEL LOKER, ESQ.
                        KAZEROUNI LAW GROUP
                        245 FISCHER AVENUE UNIT D1
                        COSTA MESA, CALIFORNIA 92626



FOR DEFENDANT:          BROOKS R. BROWN, ESQ.
                        GOODWIN PROCTER
                        601 S FIGUEROA STREET 41ST FLOOR
                        LOS ANGELES, CALIFORNIA 90017
```

```
 1  SAN DIEGO, CALIFORNIA - WEDNESDAY, FEBRUARY 5, 2014 11:15 A.M.
 2                              *   *   *
 3          THE COURT:  GOOD MORNING.  THIS IS JUDGE SABRAW.
 4  WHO IS ON THE LINE?
 5          MR. LOKER:  (TELEPHONICALLY) GOOD MORNING, YOUR
 6  HONOR.  MATT LOKER ON BEHALF OF THE PLAINTIFFS.
 7          MR. BROWN:  (TELEPHONICALLY)  GOOD MORNING, YOUR
 8  HONOR.  BROOKS BROWN ON BEHALF OF THE DEFENDANT.
 9          THE COURT:  THANK YOU.  AND WE ARE ON THE RECORD.
10          I APPRECIATE COUNSEL PARTICIPATING TELEPHONICALLY ON
11  SHORT NOTICE.
12          I HAVE READ THE BRIEFING, AND LET ME QUESTION
13  MR. LOKER FIRST.
14          DO YOU DESIRE TO TAKE THE DEPOSITION OF THESE FOUR
15  INDIVIDUALS AS WELL?  LET'S START WITH THAT.
16          MR. LOKER:  SORRY?
17          THE COURT:  MY TENTATIVE THOUGHT WAS THAT FOR THE
18  REASONS SET FORTH IN THE DEFENDANT'S BRIEFING, THAT THIS CASE
19  IS DISTINGUISHABLE FROM OTHERS THAT WERE REFERENCED IN THE
20  PLAINTIFF'S BRIEFING, AND THAT STRIKING OR EXCLUDING THE
21  TESTIMONY MAY NOT BE APPROPRIATE.  BUT RATHER THAT IN THE
22  EVENT THE PLAINTIFFS WANT TO TAKE THAT DISCOVERY THAT THEY BE
23  GIVEN AN OPPORTUNITY TO DO THAT, AND TO GIVE ADDITIONAL TIME
24  FOR THE REPLY BRIEF.
25          AND SO MY TENTATIVE THOUGHT WAS TO ADDRESS THE
```

1   DISCOVERY ISSUE IN THAT MANNER.  ULTIMATELY, TO ALLOW THE
2   DISCOVERY TO GO FORWARD, TO ALLOW THE DEFENDANTS TO USE THE
3   INFORMATION, BUT TO PROVIDE THE PLAINTIFF WITH AN OPPORTUNITY
4   TO TAKE DISCOVERY AND HAVE ADDITIONAL TIME FOR BRIEFING, IF
5   NECESSARY.
6            **MR. LOKER:**  YES, YOUR HONOR.  THE REASON WE WOULD
7   RATHER, YOU KNOW, NOT DO THAT, WE HAVE BEEN TO DC ONCE FOR
8   DEPOSITIONS, WE FEEL IF WE GO OUT THERE AGAIN THAT WOULD
9   CREATE HARM FOR US.  IT IS GOING TO COST THOUSANDS OF DOLLARS
10  TO FLY ACROSS THE COUNTRY, BOOK A COURT REPORTER, AND GET
11  HOTELS.
12           OUR POSITION IS THAT THESE WITNESSES WERE KNOWN BY
13  ALLIED FROM THE BEGINNING.  IF THEY WOULD HAVE BEEN DISCLOSED
14  TO US IN THE BEGINNING WE WOULD HAVE STAYED IN DC FOR A COUPLE
15  OF DIFFERENT DAYS AND TAKEN THE DEPOSITIONS.  AT THIS POINT, A
16  COUPLE OF HOURS BEFORE THEY FILED THE OPPOSITION, THERE IS NEW
17  TESTIMONY WE HADN'T BEEN MADE AWARE OF.  WE DON'T THINK WE
18  HAVE TO CHANGE OUR THEORY OF THE CASE WHEN THIS TESTIMONY WAS
19  AVAILABLE, REALLY, SINCE 2009.
20           **THE COURT:**  THAT PREJUDICE IS A COST-BASED ONE.
21  WHAT IF THERE IS SOME TYPE OF PROVISION TO SHIFT FEES OR COSTS
22  WITH RESPECT TO THIS DISCOVERY?
23           **MR. LOKER:**  IT IS, YOU KNOW, I THINK MORE THAN JUST
24  COST-BASED, YOUR HONOR.  ONE OF THE CASES THAT ALLIED CITED,
25  DEY V. IVAX, THAT CASE SAID THE DISCOVERY IS MUTUAL, SO WE

```
 1  HAVE THE RIGHT TO KNOW THE POSITIONS THAT ALLIED WAS GOING TO
 2  TAKE.  AND BASED ON THE TESTIMONY THEY RECEIVED AND THE
 3  DISCOVERY RESPONSES WE RECEIVED WE SET UP OUR MOTION FOR CLASS
 4  CERTIFICATION BASED UPON THAT.  SO, YOU KNOW, COST ASIDE, IF
 5  WE HAVE TO GO BACK TO THE DRAWING TABLE IT IS JUST GOING TO
 6  PROLONG THIS CASE AND PUSH IT OUT, IN OUR OPINION DAMAGE THE
 7  CASE THE LONGER THEY HAVE TO WAIT TO GET IT RESOLVED.
 8           THE COURT:  ALL RIGHT.
 9           MR. BROWN, WHAT IS YOUR POSITION?
10           MR. BROWN:  YOUR HONOR, I THINK, YOUR HONOR, WE HAVE
11  LAID OUT THE POSITION.  I THINK THAT WE CERTAINLY MET AND
12  CONFERRED, WE TALKED IN THE INTERIM BETWEEN THE BRIEFING HERE,
13  EVEN ON AN EXPEDITED BASIS OUR CLIENT -- WHETHER THE
14  DEPOSITIONS MIGHT BE TAKING PLACE, AND I PREPARED THEM FOR
15  THAT.
16           I DON'T THINK WHAT MR. LOKER IS ARTICULATING IS
17  SOMETHING THAT, QUITE CANDIDLY, FROM A PRACTICAL STANDPOINT,
18  CAN HAPPEN AT ANY DEPOSITION.  I THINK WE HAVE ALL BEEN IN
19  POSITIONS, YOU GO AND TAKE DEPOSITIONS IN A PARTICULAR CASE
20  AND THE WITNESS IDENTIFIES OTHER PEOPLE THAT MAY OR MAY NOT BE
21  IN THAT PLACE AT THE SAME TIME.  THAT IS THE NATURE OF THE
22  PROCESS.
23           MR. LOKER AND HIS TEAM DECIDED TO BRING A PUTATIVE
24  CLASS ACTION AGAINST AN ORGANIZATION AND COMPANY THAT IS NOT
25  BASED IN SOUTHERN CALIFORNIA, SO THESE ARE THINGS KNOWN TO
```

1  THEM WHEN THEY BRING ON A CASE LIKE THIS.  THAT'S WHAT IT IS.
2  IF THEY WANTED TO DEPOSE OTHER PEOPLE THEY HAD AN OPPORTUNITY
3  AND CHANCE TO DO THAT BASED ON THE DISCLOSURES.
4          AS WE LAY OUT IN THE BRIEF, THIS IS WHAT THE
5  WITNESSES ARE TESTIFYING TO, NAMELY THAT A CREDITOR SOMETIMES
6  GETS CELL PHONE INFORMATION FROM ITS DEBTORS AND FOR PURPOSES
7  OF CONTACTING THEM ABOUT THEIR ACCOUNTS IS SOMETHING THAT HAS
8  BEEN WELL-KNOWN TO THEM.  AND MS. HORNBUCKLE'S DEPOSITION IS
9  REPLETE WITH REFERENCES BY MR. LOCKER HIMSELF, WELL BEFORE A
10 CERTIFICATION BRIEF WAS FILED, BEFORE HE KNEW THAT, QUITE
11 CANDIDLY, NOT HAD A CHANCE TO ANALYZE IT MUCH, CONSISTENT WITH
12 YOUR HONOR'S DECISION IN THE NEWMAN CASE JUST EARLIER THIS
13 WEEK, A CLASS SETTLEMENT RECOGNIZING THAT, IN THAT CASE
14 AMERICREDIT MIGHT HAVE INFORMATION IN THEIR RECORDS WITH THEIR
15 DEBTORS GIVING THEM CONSENT.
16         I DON'T THINK IT IS A SURPRISE.  ONE OF MR. LOKER'S
17 STATEMENTS IN MS. HORNBUCKLE'S DEPOSITION HE SAYS THAT YOU
18 TESTIFIED EARLIER, AND OBVIOUSLY CORRECT ME IF I AM WRONG,
19 THAT THERE IS, YOU KNOW, A WHOLE NUMBER OF WAYS THAT THE
20 PREDECESSOR, WHETHER IT IS THE DEPARTMENT OF EDUCATION OR
21 SOMEONE ELSE, INDICATES A PARTICULAR NUMBER HAS PRIOR EXPRESS
22 CONSENT TO RECEIVE THE AUTO DIALED CALLS.
23         GIVEN THAT HE IS SAYING THAT A MONTH BEFORE HE FILED
24 THEIR CERTIFICATION MOTION, I DON'T SEE HOW THERE IS UNFAIR
25 SURPRISE HERE, OR ANYTHING THAT WOULD JUSTIFY PRECLUDING US

1  FROM USING THE DECLARANTS.
2       **THE COURT:**  OKAY.
3       MR. LOKER, DO YOU DESIRE TO TAKE THESE DEPOSITIONS
4  OF THESE FOUR?
5       **MR. LOKER:**  YOUR HONOR, I WOULD PREFER THAT
6  MOTION -- DECLARATIONS WEREN'T IN THAT MOTION.  THE QUESTIONS
7  I HAVE ASKED MS. HORNBUCKLE, OTHERS WHO HAVE DEPOSITIONS WERE
8  FOCUSED ON HOW WE WERE GOING TO CERTIFY THE CLASS.
9       IF TESTIMONY WAS AVAILABLE TO US AT THAT POINT AND
10 THESE PEOPLE WERE IDENTIFIED WE WOULD HAVE STAYED IN DC, LIKE
11 I SAID, AND TAKEN THE DEPOSITIONS, YOU KNOW, TO SUPPLEMENT
12 THEIR DISCLOSURES AND SPECIAL INTERROGATORIES.  6:46 ON A
13 FRIDAY NIGHT WE JUST DIDN'T HAVE TIME TO ACT IN THE WAY THAT
14 THE -- FOR EXAMPLE ASHMAN, SOME OF THE CASES THAT MR. BROWN
15 CITED IN HIS BRIEF WHERE THE SUPPLEMENTATION DID COME BUT IT
16 WASN'T ENOUGH TIME TO ACT ACCORDINGLY.  I JUST DON'T THINK
17 THESE DECLARATIONS SHOULD BE CONSIDERED IN ANY WAY.
18      **THE COURT:**  IF THE MOTION, THE PLAINTIFF'S MOTION,
19 IS DENIED WITH RESPECT TO STRIKING THE DECLARATIONS, WHAT
20 WOULD BE YOUR REQUEST?  IN OTHER WORDS, DO YOU REQUEST THAT
21 YOU BE ALLOWED TO TAKE THE DEPOSITIONS AND TO POSTPONE THE
22 FILING OF YOUR REPLY AS WELL AS THE PRESENTLY SET HEARING ON
23 THE MOTION TO CERTIFY?
24      **MR. LOKER:**  YES, THAT WOULD BE CORRECT, YOUR HONOR.
25 IF OUR MOTION IS DENIED WE REQUEST ADDITIONAL TIME FOR

1  DEPOSITIONS AND TO PREPARE OUR MOTION FOR CLASS CERTIFICATION
2  IF IT CHANGED BASED UPON TESTIMONY.
3          **THE COURT:**  WITH RESPECT TO ANY DISCOVERY, HOW
4  QUICKLY COULD THAT BE DONE, MR. BROWN?  DO YOU HAVE ANY
5  INFORMATION?
6          **MR. BROWN:**  SURE, YOUR HONOR.  I WOULD ANTICIPATE --
7  MR. LOKER'S DEPOSITIONS, THE 30(B)(6) ON MULTIPLE CATEGORIES,
8  WERE TWO HOURS OR LESS.  AS YOUR HONOR PROBABLY KNOWS FROM THE
9  BRIEFING, THESE DECLARATIONS OF THESE FOUR WITNESSES ARE THREE
10 PAGES AND VERY STRAIGHT TO THE POINT.  I WOULD THINK THAT
11 THESE DEPOSITIONS COULD BE ACCOMPLISHED IN AN HOUR, HOUR AND A
12 HALF, SOMETHING LIKE THAT.  PROBABLY GET ALL OF THEM DONE IN A
13 DAY TO MINIMIZE THE DISRUPTION.
14         WE HAVE SPOKEN TO THE CLIENT ABOUT THAT AND
15 UNDERSTAND THAT THE WITNESSES WOULD BE AVAILABLE, ACTUALLY IN
16 MINNESOTA, NEXT WEEK FOR THAT IF THAT IS SOMETHING THAT MR.
17 LOKER WANTS TO ACCOMPLISH.
18         THE FOLLOWING WEEK IS A CHALLENGE.  AS YOUR HONOR
19 MAY KNOW, THOSE IN COLD WEATHER CLIMATES, THE PUBLIC SCHOOL
20 VACATIONS ALLOW THE OPPORTUNITY TO ESCAPE THAT.  ONE IN
21 FEBRUARY, ONE IN APRIL.  THE ONE IN FEBRUARY, AROUND THE
22 PRESIDENT'S DAY WEEKEND, THE FOLLOWING WEEK, THAT IS A BIT OF
23 A CHALLENGE.  I HAVE NOT LOOKED AT THE THIRD WEEK AT THIS
24 POINT.  THAT WOULD BE THAT -- YOUR HONOR COULD DIRECT THAT
25 THOSE DEPOSITIONS TAKE PLACE AND SET SOME PARAMETERS AROUND

```
 1  THEM, THEY NEED A CERTAIN NUMBER OF TIME OR LIMITED TO THE
 2  SUBJECT MATTER SET FORTH IN THE DECLARATION.
 3          THE COURT:  SO YOUR THOUGHT IS THAT ALL FOUR COULD
 4  BE TAKEN NEXT WEEK, AND PROBABLY ALL FOUR WITHIN ONE DAY.
 5          MR. BROWN:  I WOULD THINK SO.  HAVEN'T HAD A CHANCE
 6  TO TALK TO MR. LOKER.  HIS PREFERRED COURSE WOULD BE TO STRIKE
 7  THAT.  THAT WOULD BE MY INITIAL THINKING.
 8          THE COURT:  MR. LOKER, DO YOU AGREE THAT IF THE
 9  DEPOSITIONS GO FORWARD THEY COULD BE DONE NEXT WEEK AND ALL
10  WITHIN A DAY?
11          MR. LOKER:  I AM NOT AVAILABLE UNTIL MARCH.  I HAVE
12  TRIAL NEXT WEEK IN OREGON, THE WEEK AFTER I HAVE TRIAL, THE
13  LAST WEEK IN FEBRUARY.  YOU KNOW, THEY MIGHT -- AS FAR AS WE
14  CAN DO THEM IN ONE DAY OR NOT, THAT IS CERTAINLY A
15  POSSIBILITY.  MY TRIAL SCHEDULE IS SET RIGHT NOW, WOULD BE
16  PUSHING IT TO AT LEAST MARCH.
17          THE COURT:  WOULD YOU BE DOING THE DEPOSITIONS OR
18  WOULD THERE BE SOMEONE ELSE AVAILABLE?
19          MR. LOKER:  I WOULD BE DOING THE DEPOSITIONS.  THERE
20  WOULD BE ONE OTHER ATTORNEY WITH ME, MORE LIKELY
21  MR. BRAUNSWAGER[PH.], WITH ME IN DC THE LAST TIME.  IT WOULD
22  BE THE TWO OF US.  I WOULD BE PRIMARILY RESPONSIBLE FOR THE
23  DEPOSITION.
24          THE COURT:  ALL RIGHT.  SO YOUR REQUEST, THEN, WOULD
25  BE IF THE MOTION TO STRIKE IS DENIED, THEN TO ALLOW YOU UNTIL
```

1  SOMETIME IN MARCH, FIRST OR SECOND WEEK OF MARCH, TO CONDUCT
2  THE DISCOVERY, THEN PERHAPS A COUPLE WEEKS THEREAFTER TO FILE
3  YOUR REPLY.  WOULD THAT BE CORRECT?
4          **MR. LOKER:**  SOMETHING AS FAR AS COSTS, AS WELL.  IF
5  WE KNEW THE PEOPLE IN DC THE FIRST TIME AROUND WE COULD HAVE
6  STAYED AN EXTRA DAY, WHICH WOULD HAVE BEEN WHATEVER THE HOTEL
7  WAS AND THE COURT REPORTER.  AT THIS POINT YOU HAVE TO LOOK
8  AT, IT IS GOING TO BE 1,000 OR $1,500, PLUS HOTELS, PLUS THE
9  COURT REPORTER, AND THOSE SORTS OF THINGS.
10         **THE COURT:**  OKAY.
11         **MR. LOKER:**  THAT IS WHERE WE SEE HARM IN ALLOWING
12 THE DEPOSITIONS TO BE TAKEN.  WE SHOULD HAVE TAKEN THEM THE
13 FIRST TIME AROUND.
14         **THE COURT:**  MY THOUGHT IS THIS.  THAT THE MOTION TO
15 STRIKE WOULD BE DENIED.  THE REQUEST TO PERMIT DISCOVERY WOULD
16 BE GRANTED.  IT SEEMS TO ME WE COULD PROVIDE THAT THE
17 DISCOVERY BE TAKEN BY THE SECOND WEEK OF MARCH, AND THAT ALL
18 FOUR INDIVIDUALS BE DEPOSED WITHIN ONE EIGHT-HOUR DAY.  AND
19 THAT THE REPLY BE FILED WITHIN TWO WEEKS THEREAFTER.  WE WILL
20 SET A HEARING DATE SOMETIME THEREAFTER, AS WELL.  AND THAT THE
21 COSTS WOULD BE BORNE BY THE DEFENDANT.  MY INCLINATION WOULD
22 BE TO ORDER THAT THE EXPENSE BE PAID FOR ONE ATTORNEY,
23 PLAINTIFF'S ATTORNEY, AND THE COURT REPORTER, AND ANY RELATED
24 DEPOSITION COSTS.
25         MR. BROWN.

1         **MR. BROWN:** YOUR HONOR, TO BE FAIR, I DON'T -- I AM
2  NOT -- I THINK THE COST SHIFTING IS UNWARRANTED IN THIS CASE,
3  AND IF THIS IS SOMETHING THAT YOUR HONOR IS CONSIDERING, I
4  WOULD AT LEAST LIKE A FEW DAYS TO BRIEF THAT FOR YOUR HONOR.
5  UNDER THE CIRCUMSTANCES, THAT OBVIOUSLY IS A SIGNIFICANT
6  SITUATION.  THAT WAS A SANCTION THAT HAS NOT BEEN SET FORTH IN
7  THE BRIEF, NOR IS IT ONE THAT I THINK WOULD BE APPROPRIATE
8  HERE.
9         THIS IS A SITUATION WHERE MR. LOKER KEEPS SAYING HE
10 WOULD HAVE TAKEN THE DEPOSITIONS OF THE PEOPLE WHEN HE HAD
11 BEEN IN DC.  AS INDICATED EARLIER, THE PEOPLE ARE NOT IN DC.
12 THERE WOULD BE MORE THAN ONE TRIP.
13        THERE IS NOTHING, I DON'T THINK, ABOUT THE CONDUCT
14 HERE THAT WARRANTS THAT.  IF THE PLAINTIFFS LOST THE
15 DISCOVERY, THEN THE PLAINTIFFS SHOULD PAY FOR THAT DISCOVERY.
16 OR WE CAN CERTAINLY WORK OUT ANOTHER ALTERNATIVE TO MINIMIZE
17 THE COSTS, AND WHETHER THOSE BE TELEPHONIC DEPOSITIONS, VIDEO
18 CONFERENCE DEPOSITION OR THE LIKE.  I THINK THERE ARE A
19 MULTITUDE OF WAYS TO AMELIORATE SOME OF THIS, NOT REQUIRE
20 ALLIED HAVING TO PAY FOR DEPOSITIONS THAT THE PLAINTIFFS LAST
21 WEEK SAID THEY DID NOT WANT, NOW TODAY ARE SAYING THEY DO
22 WANT.
23        AND WE POINT OUT IN THE BRIEF, THERE IS NOTHING IN
24 THE RECORD THAT WOULD SUGGEST IF THE WITNESSES HAD BEEN
25 DISCLOSED BY NAME EARLIER THAT THE PLAINTIFFS WOULD HAVE TAKEN

1  THOSE DEPOSITIONS.  AS WE POINT OUT, THERE WERE SEVERAL FOLKS
2  THAT WERE IDENTIFIED BY NAME AS HAVING KNOWLEDGE AS TO MATTERS
3  THAT MR. LOKER INQUIRED ABOUT AT THE DEPOSITION.  THERE WAS NO
4  FOLLOW-UP DISCOVERY ABOUT THAT.
5         FURTHER, THROUGHOUT DISCOVERY IN THIS CASE, SINCE
6  LAST JUNE OF 2013, WE HAVE BEEN DISCLOSING OVER AND OVER AGAIN
7  THERE ARE MANY EMPLOYEES, COLLECTORS, AGENTS, SUPERVISORS THAT
8  ARE INVOLVED IN THIS PROCESS AND HAVE KNOWLEDGE THROUGHOUT
9  THAT ENTIRE TIME PERIOD BEFORE FILING CERTIFICATION.  THE
10 PLAINTIFFS NEVER ONCE ASKED TO IDENTIFY ANY OF THOSE PEOPLE OR
11 DEPOSE ANY OF THEM.
12        UNDER THOSE CIRCUMSTANCES, I AM NOT SURE WHAT THE
13 BASIS FOR COST SHIFTING WOULD BE.  IF THERE IS GOING TO BE
14 THAT, I WOULD LIKE THE CHANCE TO BRIEF THAT.
15        **THE COURT:**  LET'S PROCEED THIS WAY.  I WILL POSTPONE
16 THE FILING OF THE REPLY, SO YOU NEED NOT WORRY ABOUT THAT, MR.
17 LOKER.
18        AND WHAT I WOULD LIKE TO DO, I AM GOING TO TAKE IT
19 UNDER SUBMISSION HERE, CONTEMPLATE WHAT BOTH COUNSEL HAVE JUST
20 ARGUED, AND I WILL ISSUE A VERY BRIEF CONCLUSORY ORDER TODAY
21 ADDRESSING THIS ISSUE.
22        AND WHAT I WILL SET OUT IS I WILL BE DENYING THE
23 MOTION TO STRIKE, BUT THEN I WILL ADDRESS THE ISSUES OF
24 DISCOVERY, COST SHIFTING, AND THE TIMING OF DISCOVERY AND THE
25 FILING OF ANY REPLY, AS WELL AS THE RESETTING THE

```
 1  CERTIFICATION HEARING MOTION.  AND I WILL DO THAT BY WRITTEN
 2  ORDER TODAY.
 3          MR. BROWN:  SO, YOUR HONOR, THERE WOULD BE NO
 4  BRIEFING ON THE COST?
 5          THE COURT:  I AM GOING TO THINK ABOUT THAT.  I MAY
 6  INVITE THAT, PERHAPS IN ANOTHER BRIEF OR A VERY SHORT FORMAT.
 7          MR. BROWN:  THAT WOULD BE MY REQUEST.  MY REQUEST
 8  WOULD BE FOR THAT AND FOR THE PLAINTIFFS TO SET OUT, IF THAT
 9  IS AFFIRMATIVE RELIEF THEY WERE SEEKING, NOT PART OF THE EX
10  PARTE, THAT THEY WOULD GO FIRST IN THAT AND EXPLAIN WHY THAT
11  WOULD BE APPROPRIATE.  AND WE HAVE AN OPPORTUNITY TO RESPOND
12  TO THAT, IF THAT IS SOMETHING THEY ARE SEEKING.
13          THE COURT:  I WILL THINK ON THOSE, AND I WILL ISSUE
14  THAT ORDER TODAY, OR AT THE LATEST TOMORROW.  OKAY.
15          MR. LOKER:  ALSO WANT TO MAKE SURE, DIDN'T TAKE THE
16  JAMIE AANESON.  JAMIE AANESON WAS IDENTIFIED WHEN WE HAD THE
17  HORNBUCKLE DEPOSITION WHEN SHE DIDN'T KNOW THE PARTICULAR
18  ANSWER TO A QUESTION, AND AFTER REVIEWING THE DEPO TRANSCRIPT
19  WE THOUGHT THAT THE WRITTEN -- THE DEPOSITION -- OTHER
20  RESPONSES SATISFIED OUR AREA OF INQUIRY WITH RESPECT TO WHAT
21  MS. AANESON WOULD HAVE TESTIFIED TO.
22          WE DIDN'T FLY OUT TO DC OR WHEREVER AANESON IS IN
23  ORDER TO KEEP OUR COST REASONABLE, AND NOT TO JUST TAKE A
24  DEPOSITION WHEN WE ALREADY HAD THE INFORMATION WE WANTED.
25  THAT GOES TO MR. BROWN'S POINT, AND THAT IS NOT FOLLOWING UP
```

```
1   ON THAT DEPOSITION IS TO KEEP COSTS DOWN.
2            THE COURT:  OKAY.  ALL RIGHT.  VERY GOOD.  THANK
3   YOU, COUNSEL, FOR THE SESSION TODAY.  AND, AS INDICATED, I
4   WILL ISSUE AN ORDER TODAY OR TOMORROW.
5            MR. BROWN:   THANK YOU.
6            MR. LOKER:   THANK YOU.
7            THE COURT:   THANK YOU.
8
9                              *   *   *
10           I CERTIFY THAT THE FOREGOING IS A CORRECT
            TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
11           IN THE ABOVE-ENTITLED MATTER.
12           S/LEEANN PENCE                          2/25/2014
13           LEEANN PENCE, OFFICIAL COURT REPORTER    DATE
```

FEBRUARY 5, 2014